Frank Jimmy **SNIDER, Jr.,** Appellant,

v.

**C. C. PEYTON,** Superintendent of the Virginia State Penitentiary, Appellee.

No. 9742.

United States Court of Appeals Fourth Circuit.

Argued March 2, 1965.

Decided Jan. 28, 1966.

Harvey S. Lutins, Roanoke, Va. (Honeyman & Lutins, Roanoke, Va., on brief), for appellant.

Reno S. Harp, III, Asst. Atty. Gen. of Virginia (Robert Y. Button, Atty. Gen. of Virginia, on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

HAYNSWORTH, Chief Judge:

This Virginia prisoner under sentence of death for rape comes again before us.[1] This time he contends that his execution would amount to cruel and unusual punishment in violation of the Fourteenth Amendment to the Constitution of the United States which reflects the substance of the Eighth Amendment. The contention is buttressed by the opinion of Mr. Justice Goldberg, joined by Mr. Justice Douglas and Mr. Justice Brennan, dissenting from the denial of certiorari earlier sought by Snider to a judgment of the Supreme Court of Appeals of Virginia and by one Rudolph who sought certiorari to the Supreme Court of Alabama to review a similar question.[2] It is amplified by a discussion of the materials considered by Mr. Justice Goldberg and others of similar import.

Under the circumstances, we think we have no real discretion to consider the question tendered. This is one of the two cases in which the identical question was presented to the Supreme Court and rejected when it denied certiorari over the explicit objection of three of its members. Each of the other members of the Court evidently felt that this was not an appropriate case in which to consider the question which bothered Mr. Justice Goldberg or they thought there was no substance in the questions Mr. Justice Goldberg would have had the court hear and determine.

Since Snider first posed the question to the Supreme Court and had it rejected, we have had a similar question presented to us in another case.[3] We declined to hold that the death penalty was an unconstitutionally excessive exaction for rape. The Supreme Court denied certiorari in that case.[4]

None of this means, of course, that in a particular case one properly convicted of rape might not be held to have been wrongfully sentenced to death when constitutional standards are applied, or that the Supreme Court might not so hold when a proper vehicle for such a holding is presented to it. There is extreme variation in the degree of culpability of rapists. If one were sentenced to death upon conviction of rape of an adult under circumstances lacking great aggravation, the Supreme Court might well find it an appropriate case to consider the constitutional question tendered to us. Even an inferior court such as ours might find the question not foreclosed to it if the actual and potential harm to the victim was relatively slight.

This is not such a case, however. While conceivably the Supreme Court might reconsider its refusal to adjudicate the question in this very case, it is not without aggravation. The victim here was a nine year old child. She suffered substantial injuries which required her hospitalization. Her life was not taken, but it arguably may be said that it was in danger when her injuries are considered in the light of the rapist's apparent lack of any modicum of compassion or of restraint. The psychological harm done a child of tender years when subjected to such a searing experience may be heavier by far than the physical.

While we might under other circumstances, therefore, consider the constitutional question open to us, we do not feel it is open here. This is so because of the combination of the circumstances that Snider's culpability is far from minimal and that the Supreme Court has looked at his case and declined to consider this contention.[5]

1. For some of the earlier proceedings see Snider v. Smyth, 4 Cir., 263 F.2d 372, Snider v. Smyth, D.C.E.D.Va., 187 F. Supp. 299, aff'd sub nom. Snider v. Cunningham, 4 Cir., 292 F.2d 683.

2. Snider v. Cunningham, Rudolph v. Alabama, 375 U.S. 889, 84 S.Ct. 154, 155, 11 L.Ed.2d 119.

3. Ralph v. Pepersack, 4 Cir., 335 F.2d 128.

4. 380 U.S. 925, 85 S.Ct. 907, 13 L.Ed.2d 811.

5. The Supreme Court's denial of certiorari is not an adjudication of course. Nor, as a rule, does it carry any implication of approval of the judgment sought to be reviewed. We attribute no such significance to it here. Denial of Snider's petition, under the circumstances, however, does

There is another matter, however, which, in our opinion, requires that the case be remanded.

 It is contended that Snider is now insane and should not be executed on that account. The state court appointed three psychiatrists to examine Snider. While denominated a commission they were not directed to act as a commission. Each was asked individually to examine Snider and individually to report his findings to the court. That was done. Two of the doctors, writing separately to the court, expressed the opinion that Snider was not insane; the other wrote that in his opinion Snider was insane. Without a further hearing, the court found that Snider was not insane.

Apparently, there was no consultation or communication of any kind between the doctors. Their observations of Snider were unequal. One, the doctor who thought Snider insane, reported that he had examined Snider on several previous occasions; at least one of the others had not. On the face of it, there is no assurance that what one of the doctors knew of Snider and his history was known or even suspected by the others.

Under those circumstances, it was contended that the state court should have afforded an opportunity to inquire of each of the doctors as to the nature and extent of his examination of Snider and as to the information he had when he formulated his opinion. Since the state court held no hearing for that purpose, it is contended the District Court should have held one.

Because of a procedural snarl, this issue was not considered by the District Court, for it thought the contention not before it. The tangle was in no sense attributable to the Commonwealth's attorney. On the contrary, by a motion to remand a proceeding he thought pending in this court, he sought a consolidation and assurance that all remaining issues would be adjudicated. His efforts were unavailing, however, for the District Court dismissed the petition in the belief the other issue was the only question before it, while this tangle was still unraveled.

Under the circumstances, we think it appropriate to vacate the dismissal of the petition and remand the case to the District Court so that Snider may be given leave to amend his petition and for the conduct of such further proceedings as may then appear appropriate.

Vacated and remanded.

suggest that a majority of the Justices must have thought Snider's case to be at least an inappropriate vehicle for consideration of the constitutional question suggested by the dissenting opinion. To that extent it lends some support to our own conclusion that the constitutional question is not present in this case, since we cannot say the life of the little girl clearly was not endangered.