425 So.2d 1251 (1983)
STATE of Louisiana
v.
Johnny TELSEE, Jr.
No. 82-KA-0395.
Supreme Court of Louisiana.
January 10, 1983.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Patrick G. Guinlan, Asst. Atty. Gen., for plaintiff-appellee.
*1252 N. Graves Thomas, Shreveport, for defendant-appellant.
DENNIS, Justice.
This is a criminal appeal in which the defendant, Johnny Telsee, Jr., challenges his sentence of forty years at hard labor under the forcible rape statute as excessive punishment in violation of Article 1, Section 20 of the 1974 Louisiana Constitution. Twice previously this court considered this case and remanded it to the trial court: first, to resentence the defendant after conducting a presentence hearing, 388 So.2d 747 (La.1980); and, second, for resentencing after stating for the record the considerations taken into account and the factual basis therefor in imposing sentence as required by La.C.Cr.P. art. 894.1. 404 So.2d 921 (La.1981). This court has reheard the case, has found the sentence to be disproportionally excessive in one respect and unlawfully lenient in another, and now amends the sentence to twenty-five years imprisonment at hard labor, two years of which shall be without benefit of probation, parole, or suspension of sentence.

I.
On December 17, 1977, at about midnight, the twenty-six year old white female victim was driving home from her job at a hospital. In response to a flickering headlight signal from the car behind her she pulled onto the shoulder of the road. The defendant, a seventeen year old black male, parked behind her and approached saying that he was a "private cop." As she opened her door to examine his identification, he jumped in the car. Defendant admits that the victim resisted, that he overcame her with force, and that she received numerous bruises and scratches on her neck and face and a cut on her leg. The victim claimed that the defendant said he had a gun, although she admitted that she never saw it. The defendant denies that he had any weapon or that he threatened her life. After entering the vehicle, the defendant drove it to a remote area of Caddo Parish. He raped her, took her money and a gold watch, and released her after returning to the spot where his car was parked. The victim claims that he said he would kill her if she told anyone about the rape, but the defendant denies making any threats. Defendant contends that shortly before the crime he smoked a marijuana cigarette laced with PCP, commonly known as "angel dust."
Defendant was charged by grand jury indictment on February 24, 1977 with the crime of aggravated rape. La.R.S. 14:42. He pleaded not guilty. In May, 1978, defendant's motion for a mental examination was granted and the court appointed a sanity commission to examine defendant. On June 26, 1978, after the submission of the sanity commission's report, the district court ruled that defendant lacked the mental capacity to assist in his defense and ordered that he be committed to the Forensic Unit of the East Louisiana State Hospital at Jackson, Louisiana for examination and treatment.
The trial court on November 20, 1979, after hearing the report of a second sanity commission composed of the same doctors who previously had examined the defendant, ruled that defendant was capable of standing trial. On October 15, 1979, defendant withdrew his former plea of not guilty and pleaded guilty to forcible rape. The trial court accepted the plea, and on December 10, 1979 the trial judge sentenced defendant to forty years at hard labor "at least half of which" was to be without benefit of parole, probation or suspension of sentence.
This sentence was vacated on appeal. The trial judge had assured the defendant after his guilty plea that he would not "hang him." Operating under this assurance, the defendant did not request an evidentiary presentence hearing. Since the trial judge did in fact impose the maximum penalty, we felt that the appearance of justice had not been served. We vacated the sentence and granted the defendant his requested reliefan evidentiary hearing. State v. Telsee, 388 So.2d 747 (La.1980).
*1253 On remand, and after the hearing, the trial judge again sentenced the defendant to the maximum term. On appeal, this sentence was vacated because of the failure of the trial judge to state for the record the considerations taken into account and the factual basis for the imposition of the sentence as required by La.C.Cr.P. art. 894.1. State v. Telsee, 404 So.2d 921 (La.1981).
This present appeal is from the re-imposition of the maximum term upon this defendant after the second remand of this case. The defendant assigns as errors the failure of the judge to comply with his legal duty under article 894.1 and the imposition of a constitutionally excessive sentence.

II
The basic principles of appellate review of sentences under our state constitution are well settled. Article 1, § 20 of the 1974 Louisiana Constitution prohibits the imposition by law of excessive punishment. In accordance therewith in State v. Sepulvado, 367 So.2d 762 (La.1979), we held that "the imposition of a sentence, although within the statutory limit, may violate a defendant's constitutional rights against excessive punishment that is enforceable by this court on appellate review of his conviction." 367 So.2d at 767. See also State v. Williams, 397 So.2d 1287 (La.1981); State v. McDonald, 390 So.2d 1276 (La.1980); State v. Spencer, 374 So.2d 1195 (La.1979). This court has also recognized that a punishment is unconstitutionally excessive if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Sims, 410 So.2d 1082 (La.1982); State v. Johnson, 406 So.2d 569 (La.1981); State v. Kersey, 406 So.2d 555 (La.1981); State v. Snider, 406 So.2d 209 (La.1981); State v. Russell, 397 So.2d 1319 (La.1981); State v. Williams, supra; State v. Beavers, 382 So.2d 943 (La. 1980); State v. Goode, 380 So.2d 1361 (La. 1980); See Coker v. Georgia, 433 U.S. 584, 97 S.Ct. 2861, 53 L.Ed.2d 982 (1977); Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed. 859 (1976); Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910).
There are several factors which are useful in determining whether the sentence by its excessive length or severity is greatly disproportioned to the underlying offense. Disproportionality analysis is cummulative and focuses on a combination of these factors. Hart v. Coiner, 483 F.2d 136,140 (4th Cir.1973), citing Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), Brennan, J. concurring. See Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), Powell, J., dissenting.
The initial elements to be analyzed in determining whether the punishment is constitutionally disproportionate are the nature of the offense and the offender. Hart v. Coiner, supra, citing Furman v. Georgia, supra, Marshall, J. concurring. Rummel v. Estelle, 445 U.S. 263, 295, 100 S.Ct. 1133, 1150, 63 L.Ed.2d 382, 404, Powell, J., dissenting, Coker v. Georgia, supra, 433 U.S. at 598, 97 S.Ct. at 2869, Powell, J., concurring in part. We have held that the statutory grounds for the selection and imposition of a sentence, La.C.Cr.P. art. 894.1 (1977), provide helpful criteria for this purpose. State v. Sepulvado, 367 So.2d at 769. The goal of the legislative scheme embodied in this article is to tailor the individual sentence imposed on the particular defendant to the particular circumstances of the case. State v. Jackson, 360 So.2d 842 (La.1978). The result which obtains is that the maximum sentences are to be reserved for the most egregious and blameworthy of offenders within a class. State v. Jones, 398 So.2d 1049 (La.1981). Accordingly, insight into the nature of the offender and his offense may be gained by asking, for example, whether (1) there is undue risk the defendant will commit another crime, (2) the defendant needs to be institutionalized, (3) a lesser sentence will deprecate the seriousness of defendant's crime, (4) defendant's *1254 conduct caused or threatened harm,[1] (5) defendant has a criminal record, (6) defendant will respond to rehabilitation. See La.C.Cr.P. art. 894.1.
Another factor is comparison of the defendant's punishment with the sentences imposed for similar crimes by the same court and other courts. Rummel v. Estelle, supra, 445 U.S. at 295, 100 S.Ct. at 1150, Powell, J., dissenting; Coker v. Georgia, supra, 433 U.S. at 593-94, 97 S.Ct. at 2866-67; Gregg v. Georgia, supra, 428 U.S. at 179-80, 96 S.Ct. at 2928; State v. Sims, supra; State v. Williams, supra. Such a comparison helps to assure that a defendant's sentence will be proportional in comparison with other offendersthat the maximum sentences will be reserved for the most egregious or blameworthy of offenders, and that others of similar conduct will not receive sentences lighter than the defendant's.[2] Cf. State v. Jones, supra. See Terrebonne v. Blackburn, 646 F.2d 997,1006 (5th Cir.1981), Johnson, J. dissenting; Hart v. Coiner, supra.
Additional factors which have been considered are the legislative purpose behind the punishment and a comparison of the defendant's punishment with how he would have been punished in other jurisdictions. Rummel v. Estelle, supra, Powell, J., dissenting; Hart v. Coiner, supra. These two factors seem to be more useful, however, when a defendant claims that the nature of punishment or the range of sentences authorized by statute are unconstitutionally excessive, cruel or unusual. In the present case, the defendant does not attack the penalty provided for forcible rape by the statute. He contends only that a forty year hard labor sentence is excessive and disproportionate in his case, considering the nature of the offender, the offense and the punishment meted out for forcible rape by Louisiana courts in other cases.

III
A look first at the punishment which has been imposed in other forcible rape cases by Louisiana courts is useful in itself and sets the stage for our later inquiry into the nature of the offender and the offense. Generally, a survey of sentences for forcible rape which have been reviewed or noted by this court reflect a range of sentences from ten years at hard labor to twenty-five years at hard labor, with parole excluded for periods of two to eight years. In two cases in which the sentence exceeded this range, a sentence of forty years at hard labor was imposed. In one of these, the sentence was vacated and the case remanded for resentencing because the record did not reflect that the defendant used a weapon as the trial judge assumed and because the judge had failed to consider mitigating circumstances. In most of the cases considered, including those involving sentences in the ten to twenty-five year range, the circumstances of the crime were more aggravated than Telsee's offense. In some of the cases compared there was substantial evidence that the offender would commit forcible rape again, whereas the record of Telsee's case is devoid of any such evidence.
In State v. Bagley, 378 So.2d 1356 (La. 1979), the defendant was convicted of forcible rape and sentenced by the First Judicial District Court of Caddo Parish to ten (10) years at hard labor. The defendant gained *1255 entrance into the victim's home by a ruse, choked her, dragged her to a bedroom and raped her. The defendant admitted having sexual intercourse with the victim but claimed that the victim voluntarily engaged in the act after he had gone to her house to buy some marijuana. It was apparently undisputed that he had previously been acquainted with the victim.
In State v. Roussel, 381 So.2d 796 (La. 1980), the defendant was indicted for aggravated rape, convicted in the Criminal District Court of Orleans Parish of forcible rape, and sentenced to twelve (12) years at hard labor. The defendant kidnapped the twenty-three year old victim after she picked him up as a hitchhiker, told the victim that he had a gun, threatened to shoot her, drove around with her in the car for as long as an hour and a half, raped her, and left her with a warning that if she said anything, he would "close her mouth for good." The defendant stated at one point that he would "blow her brains out" if she refused to cooperate. The defendant also committed a robbery of the victim by taking her purse and money. This was Roussel's first felony offense, although he had numerous arrests for minor offenses and a bad school record. The defendant had shown no remorse.
In State v. Decuir, 364 So.2d 946 (La. 1978), the Fifteenth Judicial District Court of Lafayette Parish convicted the defendant of forcible rape and sentenced him to serve twelve years (12) at hard labor. The rape victim was a seventeen year old unmarried girl with two children. No other facts concerning the commission of the crime or the persons involved were related by the opinion.
In State v. Reed, 409 So.2d 266 (La.1982), the Nineteenth Judicial District Court of East Baton Rouge Parish accepted defendant's plea of guilty to forcible rape and sentenced him to fifteen (15) years imprisonment at hard labor with two of those years to be without benefit of probation, parole or suspension of sentence. The defendant entered a neighbor's home causing her to arm herself with a knife. The defendant took the knife from her and told her he had come to rape her. When she ceased to resist, he put the knife on the floor and raped the victim. At the time of the rape, the defendant was somewhat intoxicated. This was the defendant's first felony offense, but he had several prior misdemeanor convictions, including simple battery, simple arson, and possession of marijuana.
In State v. Dawson, 392 So.2d 445 (La. 1981), the First Judicial District Court, Parish of Caddo, sentenced the defendant to twenty (20) years at hard labor, two (2) without benefit of probation, parole or suspension of sentence, after he had been found guilty of forcible rape by a jury, following his indictment for aggravated rape. The defendant kidnapped the thirteen year old victim by holding a knife to her throat, took her to a secluded place in his truck, and raped her. According to the opinion of this court, the defendant had a previous record of sex crimes which indicated a likelihood of his future commission of such offenses.
In State v. McDaniel, 410 So.2d 754 (La. 1982), the Twenty-Fifth Judicial District Court of Grant Parish sentenced the defendant to twenty-one (21) years at hard labor, the first two (2) years without benefit of probation, parole or suspension of sentence, after he was convicted by a jury of forcible rape following the original charge of aggravated kidnapping and attempted armed robbery. The defendant hid in the back of a woman's unoccupied van in a shopping center, forced her at knife point to drive to a remote spot, forced her to have sexual intercourse, and attempted to commit armed robbery.
In State v. Lewis, 412 So.2d 1353 (La. 1982), the Ninth Judicial District Court, Parish of Rapides, sentenced the defendant to twenty-four (24) years at hard labor, the first eight (8) years without benefit of parole, probation or suspension of sentence, after the defendant's conviction of forcible rape. The defendant made an unauthorized entry into the victim's house, hit her over the head, ripped off her clothes, beat her *1256 with the butt of a rifle, and raped her. The sentencing judge mentioned the terror of the victim produced by her masked assailant when he beat her about the head and body with the gun stock, requiring stitches, ripping off her clothes, marching her through the house at gunpoint, tying her up and raping her. In his opinion, the judge noted that the vicious nature and seriousness of the crime demanded a sentence in the "upper range." Although the defendant was eighteen years old, and this was his first felony conviction, the trial judge considered that these factors did not outweigh the trauma to the victim.
In State v. Austin, 399 So.2d 158 (La. 1981), the Ninth Judicial District Court, Parish of Rapides, sentenced the defendant to twenty-five (25) years at hard labor, two (2) years without benefit of probation or parole, after his conviction of forcible rape based on an original indictment for aggravated rape. The defendant had burglarized a premises by climbing through the window of a trailer and attacking the victim. The defendant did not request a review of his sentence and the opinion contains no further facts related to punishment.
In State v. Acliese, 403 So.2d 665 (La. 1981), the Twenty-Seventh Judicial District Court, Parish of St. Landry, sentenced the defendant to twenty-five (25) years at hard labor with two (2) years of the sentence to be without benefit of probation, parole or suspension of sentence after his conviction by a jury of forcible rape following his indictment for aggravated rape. The victim in this case was the eleven year old daughter of the woman with whom the defendant was living. The victim testified that the defendant had either raped her or attempted to rape her on six prior occasions. At the time of this offense, the defendant was on parole for a conviction of carnal knowledge of a juvenile for an incident concerning his stepdaughter during a former marriage. On that occasion, the defendant had been charged with forcible rape and had pleaded guilty to a reduced charge of carnal knowledge of a juvenile. In imposing sentence, the trial judge considered that the defendant's criminal record of similar crimes, the repetitive nature of this crime, and the fact that the crime was committed on a child under the age of consent, warranted the sentence.
In State v. Drayden, 372 So.2d 565 (La. 1979), the defendant was convicted of forcible rape and sentenced to forty (40) years imprisonment at hard labor by the First Judicial District Court, Parish of Caddo, after being charged by a grand jury indictment with aggravated rape. The defendant gained entrance to the victim's house by a ruse, grabbed her around the neck and pulled out a butcher knife. He forced her into the bedroom and engaged in oral sex and sexual intercourse. Although he did not use the butcher knife on his victim, he did threaten her with force if she resisted. In imposing sentence, the court relied on a presentence investigation which indicated that the defendant had previously attempted to force his way into a home in the same parish by knocking on a woman's door and asking for directions to another person's home. He allegedly advised his victim that he was looking for an automobile that was for sale, a ploy similar to the one used in the instant case. Based on this information, the trial court concluded that there was an undue risk that during the period of suspended sentence or probation, the defendant would commit another offense.
In State v. Lewis, 416 So.2d 921 (La. 1982), the Nineteenth Judicial District Court, East Baton Rouge Parish, after the defendant was convicted by a jury of forcible rape, aggravated burglary, and aggravated crime against nature, sentenced the defendant to forty (40) years at hard labor without benefit of probation, parole or suspension of sentence for forcible rape, thirty (30) years at hard labor for aggravated burglary, to run concurrently with the forty year sentence, and ten (10) years at hard labor for aggravated crime against nature, to run consecutively with the above sentences. The twenty year old female victim testified that a black male appeared at her apartment late at night and asked to use the telephone and for a drink of water. As she tried to slam the door upon refusing his *1257 request, he forced his way inside. After a struggle in the living room, the defendant forced her to the bedroom and for approximately two and half hours forced her to submit to sexual intercourse three times, performed oral sex on her four times, and compelled her to perform oral sex on him five times. A witness testified that the defendant had come to her apartment in the same neighborhood approximately one hour earlier on the night of the offenses. He apparently tried to gain entry to the apartment with the same story but was unsuccessful. In sentencing the defendant, the court noted that the crimes committed were very violent, that the victim was severely affected emotionally and physically, and that the defendant was armed when he committed these offenses. The defendant had no prior felony or misdemeanor convictions, had been employed as a welder at the time the crime was committed, and his personal records indicated he was a good worker. Most importantly, it appeared that the trial court believed that the defendant had been armed when he committed the crimes, but there was no testimony by any witness that indicated that the defendant was armed with a weapon during the commission of the offenses. Because of our concern that the trial judge had sentenced the defendant with a mistaken impression that he was armed with a weapon during the offense and had failed to give any weight to the mitigating circumstances, this court vacated the sentence and remanded the case to the trial court for resentencing after further consideration of these matters.
These cases are representative of forcible rapes that cover the entire spectrum. Included within this body of cases are many which depict the perpetration of the most heinous rapes with a correspondingly severe sentence. For example, many involve the use of a knife or gun or other weapon, the causing of permanent serious injury, a victim of particularly tender age, the use of violence beyond that needed to commit the rape, the use of threats of a particularly brutal kind, the commission of kidnapping and armed robbery of the victim, an intrusion into the victim's home, the carrying out of a series of rapesall factors which may be considered to aggravate the offense and lead to increased punishment. See Note, Appropriate Sentences for Rape, 46 J. of Crim.Law 125 (1982). Many of the crimes were so serious that the defendants involved were originally charged with aggravated rape, and eventually bargained for a plea of guilty to forcible rape, or were convicted of the lesser offense. These cases constitute a representative sampling, and are useful to us in evaluating the disproportionality of this defendant's sentence.

IV
We next consider the nature of the crime and the character and propensities of the offender.
Forcible rape is a rape committed in which "the anal or vaginal sexual intercourse is deemed without the lawful consent of the victim because the victim is prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believes that such resistance would not prevent the rape." La.R.S. 14:42.1. Whoever commits this crime may be imprisoned at hard labor for not less than two nor more than forty years, and at least two years of the sentence imposed must be without benefit of probation, parole, or suspension of sentence. Id.
The statute proscribes sexual intercourse which is deemed without the lawful consent of the victim because the victim is prevented from resisting by force or threats of violence which reasonably convince the victim that resistance would not prevent the rape. Within this definition is included an extremely broad spectrum of culpable behavior, a fact of which the legislature was undoubtedly cognizant in enacting the equally wide range of penalties for violation of the section. Indeed, the crime definition covers virtually all types of nonconsensual sexual intercourse, including those induced by threats without force or physical harm to the victims as well as rapes brutally committed with weapons that inflict severe *1258 pain and permanent injuries. Evidently, the legislative aim was that punishment should be meted out according to the gradations of culpability, so that the least guilty offender would serve as little as two years at hard labor without parole and the most egregious forcible rapist would receive forty years at hard labor without parole. Cf. State v. Jones, supra; State ex rel. Robertson v. Maggio, 341 So.2d 366, 370 (La.1976).
The forcible rape committed by defendant Telsee falls somewhere between the extremities encompassed by the statutory crime definition. Telsee used physical force to gain entrance to the car and to prevent his victim from fleeing or resisting. However, he did not strike her or seriously harm her physically. Her only physical injuries were scratches and bruises and a cut on her leg, and there is no evidence that she sustained any permanent psychological impairment. At the time of the offense the twenty-six year old victim was nine years older than the physically slight 17 year old defendant.
Telsee consistently contends that he did not have a weapon or pretend that he did, and there is little evidence to the contrary. The victim said he told her he had a gun and would kill her if she told anyone about the incident. But she did not see a gun and no weapon was found in Telsee's car or house when he was arrested. There was therefore insufficient proof to establish beyond a reasonable doubt that Telsee was armed. See State ex rel. Ferrand v. Blackburn, 414 So.2d 1207, 1209 (La.1982); State v. Gould, 395 So.2d 647 (La.1981).
When Telsee is considered separately from his crime, the record warrants a finding that his character and propensities are less offensive than those of other persons who have been or are apt to be convicted under the statute. At the time of the crime, he was seventeen years old. He had no record of adult convictions or juvenile adjudications. He had been detained as a juvenile on one occasion for two and onehalf days. He had been steadily employed for three and one-half years at his father's janitorial service. He expressed remorse for his crime, and claimed that it had been induced by his usage of marijuana and PCP.

V
Our assessment of Telsee's sentence in light of the principles of appellate review of sentences and the objective factors leads us to conclude that the imposition of a forty year hard labor sentence in this particular case is grossly disproportionate to the offense and constitutes excessive punishment prohibited by article 1 § 20 of the 1974 Louisiana Constitution. Telsee's offense was a violent and despicable act and he deserves to be punished by a substantial period of imprisonment at hard labor. However, a maximum term sentence is disproportionate because Telsee's crime was not nearly the worst forcible rape which we have seen since the addition of this particular crime in 1978. The victim was released without serious or permanent injury. The defendant denied use of a weapon and the circumstantial evidence to the contrary is insufficient to place his crime in the same category with others in which weapons were visibly or palpably used to threaten victims. Telsee's crime certainly was not as aggravated as others in which the defendant used a weapon to seriously injure a victim. Nor was his crime as reprehensible as those in which the offender raped a child or a very young adolescent. Furthermore, Telsee himself is not among the worst individuals who have been convicted of this offense. Although he is a criminal who deserves serious punishment, he compares favorably with the older habitual criminals in other forcible rape cases. At seventeen years old, Telsee was barely old enough to be an adult offender. He had no record of previous adult convictions or juvenile adjudications. There is no evidence or fact in the record which would justify a reasonable person in concluding that Telsee is absolutely incorrigible. The facts place Telsee's crime and Telsee himself in the midrange of forcible rapes and rapists.
Everything in this record indicates that a medium range sentence would fulfill all the requisites of the legislatively prescribed criteria *1259 and the constitutional requirement of proportionate punishment. There does not appear to be any greater risk in Telsee's case than others that after serving a sentence of medium length, i.e., twenty-five years at hard labor, the defendant would commit another crime. The trial judge reached a contrary conclusion, but did not state any facts or direct our attention to any in the record which warrant this conclusion. Our independent review of the record has uncovered none. Nor is there any factual basis in the record for concluding that a medium range sentence would deprecate the seriousness of the crime or fail to fulfill the defendant's need of correctional treatment. Since no reason was given by the trial judge to distinguish this defendant as deserving one of the heaviest sentences possible when compared with other persons in the same offender class guilty of the same offense, we must conclude that the sentence is constitutionally excessive. State v. Wimberly, supra.
Consequently, we believe that a sentence of more than twenty-five years at hard labor, with two years of that without benefit of parole, probation or suspension of sentence for this offender and his crime would be constitutionally excessive punishment under article 1 § 20 of the 1974 Louisiana Constitution. This determination is based upon our review of the sentences imposed upon other forcible rape offenders in Louisiana courts, and it is in line with most sentencing guidelines. The American Bar Association Standards for Criminal Justice Relating to Sentencing Alternatives and Procedures, Standard 2.1(d) provides that sentences in excess of twenty-five years should be reserved for the most serious of offenses and offenders, and that in most cases, the maximum authorized prison term ought not to exceed ten years. In accord with this view is the Council of Judges of the National Council on Crime and Delinquency, which provides in its Model Sentencing Act that a term of ten years is appropriate for the forcible rapist who does not meet certain criteria: (a) A defendant who is being sentenced for a felony in which he inflicted or attempted to inflict serious bodily harm, and the court finds that he is suffering from a severe personality disorder indicating a propensity toward criminal activity; (b) A defendant who is being sentenced for a crime which seriously endangered the life or safety of another, has been previously convicted of one or more felonies not related to the instant crime as a single criminal episode, and the court finds that he is suffering from a severe personality disorder indicating a propensity toward criminal activity; (c) A defendant who is being sentenced for the crime of extortion, compulsory prostitution, selling or knowingly and unlawfully transporting narcotics, or other felony, committed as part of a continuing criminal activity in concert with one or more persons. NCCD, Model Sentencing Act, §§ 5 & 8 (2d ed. 1972).[3]
Although the trial court's sentence was disproportionately excessive in length, it was unlawfully lenient in another respect. The trial court did not specify that any part of the sentence was to be without benefit of parole, probation or suspension of sentence. By law at least two years of any forcible rape sentence must be without parole, probation or suspension of sentence. La.R.S. 14:42.1. Accordingly, the sentence must be amended to withdraw these benefits for two years of Telsee's sentence.

VI
We choose to decide the constitutional question of excessive punishment on the merits because it appears the record in this case is ripe for our review and because it is in the best interests of justice, the parties and the judicial system that this prolonged sentence proceeding be concluded. There is *1260 merit, however, in defendant's complaint that the trial judge failed to perform his legal duty required by La.C.Cr.P. art. 894.1. Not only did the trial court fail to consider mitigating factors plainly relevant to a proper sentence in this case, he also failed to "state for the record the considerations taken into account and the factual basis therefor in imposing sentence" as required by law, See La.C.Cr.P. art. 894.1, after being specifically ordered to do so by this court. See 404 So.2d at 923. Without stating any facts to support his conclusions, the trial judge has merely sent this court a checked-off boiler plate form as an explanation of his sentence. We have expressed disapproval of a perfunctory checklist approach to sentence justification even when it occurs on the sentencing judge's original effort. See State v. Fields, 394 So.2d 597 (La.1981). Coming on the heels of our remand and instructions to fully state the facts which formed the basis for the maximum term sentence of 40 years at hard labor, the trial judge's omissions suggest a dereliction of his judicial duty that fails to justify disciplinary inquiry, only because our careful review of the record convinces us that his persistence in error resulted from lack of understanding rather than recalcitrance. See State v. Wimberly, 414 So.2d 666 (La.1982).
Even though the trial judge did not perform his function properly, under the circumstances of this case a further remand for compliance with La.C.Cr.P. art. 894.1 would entail a pointless waste of judicial and legal resources. We would prefer to have the benefit of the trial judge's full statement of the pertinent facts and his explanation of how those facts relate to the sentence. Nevertheless, there are facts in the record from which we can make an independent determination whether the sentence is constitutionally excessive. We must assume that no additional facts exist, since the case has been remanded twice and both parties and the trial judge have had ample opportunity to apprise us of any additional relevant evidence. Accordingly, except for this discussion we take no action on the defendant's first assignment of error complaining of the judge's inadequate compliance with La.C.Cr.P. art. 894.1.

Summary and Decree
The trial court erred by its failure to perform its legal duty to state for the record the pertinent facts and to explain how the circumstances justify the length of the sentence. In the absence of the trial court's compliance, our independent review of the record reveals that the sentence is grossly excessive in length. The statutorily authorized sentences available in this case ranged from two to forty years at hard labor without benefit of parole. Telsee received a maximum term sentence of forty years at hard labor. This penalty is clearly disproportionate when the nature of the forcible rape in this case is compared with circumstances of the crime in other cases and when Telsee as a person is compared with other defendants who have been convicted of forcible rape. In other cases reviewed, in which the great majority of defendants received sentences of twenty-five years or less, the offenders used weapons, inflicted substantial physical injuries upon the victims, or raped very young females. The evidence is insufficient for us to conclude that Telsee used a weapon, he did not inflict serious or permanent injury on the victim, and he was nine years younger than the twenty-six year old victim. Telsee was seventeen years old at the time of the crime, this is his first criminal conviction of any kind, he had been gainfully employed for three and one half years before the crime, he has shown remorse for his crime, and there is nothing in the record which indicates he is more dangerous than other defendants who received much less time. On the contrary, many of the defendants who received twenty-five years or less for forcible rape, were older, more hardened criminals with previous convictions, and showed much less promise of rehabilitation. In short, Telsee is not the worst defendant and his crime was not the most flagrant forcible rape, but his punishment fits such an offense and offender. Telsee's crime is despicable and he is deserving of a long term at *1261 hard labor, but not a maximum term sentence. Based on the facts of his crime and his makeup as a person, in comparison with other offenders and their crimes, Telsee should receive a mid-range sentence not in excess of twenty-five years at hard labor rather than a forty year maximum term sentence.
On the other hand, the trial court was unlawfully lenient in its failure to provide that at least two years of Telsee's sentence shall be without parole, probation or suspension of sentence.
For the reasons assigned, the sentence imposed by the trial court is amended by providing that two years of the sentence shall be served without benefit of parole, probation or suspension of sentence, and by reducing the term of the sentence to twenty-five years at hard labor. In all other respects, the sentence imposed by the trial judge is affirmed.
SENTENCE AMENDED, AND, AS AMENDED, AFFIRMED.
WATSON, J., concurs. The trial judge indicated to defense counsel that he would not give maximum sentence.
MARCUS, BLANCHE and LEMMON, JJ., dissent and assign reasons.
MARCUS, Justice (dissenting).
Under the facts of this case, I am unable to say that the trial judge abused his discretion in sentencing defendant to forty years at hard labor. I do not agree with the majority that the sentence is "grossly disproportionate to the offense and constitutes excessive punishment" prohibited by our constitution. Accordingly, I respectfully dissent.
BLANCHE, Justice (dissenting).
In my opinion, the 40 year sentence is not excessive. Accordingly, I must respectfully dissent.
LEMMON, Justice (dissenting).
Although I have reservations because I now believe that we should have taken an additional step when we remanded the case for a presentence hearing and resentencing (see 388 So.2d 747), I dissent from setting aside the sentence because the record that has been developed in this case supports the sentence imposed by the trial judge. See my dissenting opinion, 404 So.2d 921, at 924.[1]
NOTES
[1] In Hart v. Coiner, supra, the court states:

In assessing the nature and gravity of an offense, the courts have repeatedly emphasized the element of violence and danger to the person. E.g. Snider v. Peyton, 356 F.2d 626, 627 (4th Cir.1966); see Rudolph v. Alabama, 375 U.S. 889, 84 S.Ct. 155, 11 L.Ed.2d 119 (1963) (Goldberg, J., dissenting from a denial of certiorari). In Ralph v. Warden, 438 F.2d [786] at 788, Judge Butzner stated that "there are rational gradations of culpability that can be made on the basis of injury to the victim."
483 F.2d at 141.
[2] Of course, disparity of sentences even between co-defendants involved in the same crime does not render a sentence disproportionate if the nature of the defendant's participation or his character or propensities differ significantly from that of his confederate. See, e.g. State v. Russell, 397 So.2d 1319 (La.1981); State v. Bonanno, 373 So.2d 1284 (La.1979); State v. Ledet, 337 So.2d 1126, 1130 (La.1976).
[3] Also of significance is the trend toward reduction in maximum sentences for forcible rape that is a by product of the national trend toward determinate sentencing. For example, Illinois has reduced the maximum from 50 to 30 years, Arizona from 50 to 14, Maine from 50 to 20, Indiana from 21 to 20, and California from 50 to 8. See F. Hussey & S. Lagoy, The Impact of Determinate Sentencing Structures, 17 Crim.Law.Bull. 197 (1981).
[1] This is the third appeal in this case relating to the sentence. On the first appeal, defendant complained that he had foregone a sentencing hearing on the judge's representation would not "hang" defendant and that the trial judge had imposed the maximum sentence after discussing the penalty with the victim on the morning of sentencing. We remanded for a presentence hearing and resentencing.

In future cases in which the remand for resentencing involves this type of situation (as opposed to a remand for compliance with La.C. Cr.P. Art. 894.1), this court should consider remanding for resentencing before a different judge rather than, as is the present practice, requiring the same judge (who has already conscientiously endeavored to impose a fair sentence) to reimpose a sentence with which he (or she) probably will not be satisfied. We could adopt such a procedure under our supervisory jurisdiction. See La. Const. Art. V, § 5(A) (1974). This procedure would relieve the initial sentencing judge of the burden of imposing a sentence with which that judge might not agree, would afford a "second judicial mind" the opportunity to consider the appropriate sentence, and would enhance the appearance of justice. See State v. Bosworth, 415 So.2d 912 (La.1982), note 20 at p. 927.