MARVIN, Judge,
dissenting.
Noting that defendant has not filed any assignment of error, the majority limits its review to errors patent and affirms the sentence, which is exactly what defendant, in his brief, seeks to have us review:
“By this appeal, appellant seeks review of his sentence on the ground that it is excessive in contravention of Article I, Section 20 of the 1974 Louisiana Constitution.”
*165 Defendant also argues, however generally, the CCrP Art. 894.1 sentencing guidelines and states that
“The record is totally lacking of any particular justification for imposing the [maximum] sentence [of] Five (5) years.”
I would treat these assertions of defendant as an assignment that the trial judge imposed a constitutionally excessive sentence and failed to follow the CCrP Art. 894.1 guidelines.
This record, in my humble opinion, does not support the maximum sentence and I would remand to allow the trial court to articulate facts and consideration of factors for and against such a sentence. State v. Telsee, 425 So.2d 1251 (La.1983). There are simply not enough detailed facts in this record for me to conclude that this defendant might be guilty of a higher degree of homicide than negligent homicide.
Whatever the shortcomings of the paperwork of defendant’s counsel, this defendant objected in the trial court to the sentence and has appealed and requested us to review the sentence. I respectfully dissent from this court’s declining the constitutionally guaranteed review of that sentence.