KNOLL, Judge,
dissenting.
The majority opinion views the sentence as (1) levying heavy fines in lieu of extensive prison terms, and (2) each defendant must be sentenced “on its own merit” without consideration of sentences imposed for similar crimes by the same court and other *381 courts. In the present case the trial court imposed a fine on the defendant that is unconstitutionally disproportionate and excessive.
The defendant is 26 years of age; he had never been convicted of a crime; he has served 4 years in the U.S. Marine Corps, 2 of those 4 years were with a fighter squadron in Korea, Okinawa, Japan and the Phil-lipines. He is working his way through college and receives $342 a month under his G.I. Bill. The record discloses favorable recommendation for the defendant by good and law-abiding citizens that depicted him as capable of reforming. The record does not support that he is a hard-core drug dealer, worthy of heavy fines or long prison terms. The trial court, in sentencing the defendant stated:
“THE COURT: Well, we have, as I said, Mr. Jones, received some letters and some information on you. We have some people who feel that you are not a real bad fellow, and that you should be given an opportunity to show, as you have just expressed, that you can be a good citizen. I have a letter here from a Mr. Cole (sic) of the IBEW, who expresses that; and also a letter here from your aunt, Mrs. Reava Chesson, and a letter from Curtis Nelson out at McNeese, and a letter from John Wood, also at McNeese. A letter from a William Bradshaw, an architect here in town. I also note that you were honorably discharged from the marine corps. We have been given all the information which, from ETC, and so on, which I will not rehash and go over. But, apparently these people feel that you’re a good person and worth saving. The .. . of course, you’ve pled guilty here to distribution of a controlled dangerous substances, and that’s bad. And, you know, we have so many people who come before the court who have had very little opportunity in life. They’ve received little education, their environment was bad. They may have been raised in a large family, alot of them had very little to eat and very little of the pleasures that others have enjoyed. You have been denied none of these things. You live in a nice home. You have fine parents. You have an automobile to run around in. You . .. I notice boats in your yard, and you go fishing and you do all of these good things, and you ... yet chose to disobey the law and obviously make a profit at selling controlled drugs. The Legislature has said that when someone commits an offense as you have, that the penalty shall not be more than 10 years with the Louisiana Department of Corrections, and or a fine of not more than $15,000.00 on each count. Of course, you come from a very fine family. I know your father, I think he’s a fine person. He has a very responsible position and job in our community. If I were to send you to the Department of Corrections, Lloyd, I doubt if you would last a year. Because somebody there . .. some person would take it upon themselves to kill you. Sentencing you to the Department of Corrections would be signing your death warrant. Somebody would like to say, well, I killed the son of an aid to a United States Congressman. And, I recognize that.”
La. Const. Art. 1, § 20 prohibits the imposition by law of excessive punishment. A sentence, although within the statutory limit, may be deemed unconstitutionally excessive that is enforceable by this court on appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Telsee, 425 So.2d 1251 (La.1983). Our Supreme Court has determined that a sentence constitutes excessive punishment if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime. Telsee, supra; State v. Bourgeois, 406 So.2d 550 (La.1981); State v. Bonanno, 384 So.2d 355 (La.1980).
The defendant’s car was forfeited and he was sentenced to serve 10 years at hard labor with the Louisiana Department of Corrections, which was suspended and he was placed on 10 years supervisory probation conditioned upon him serving 6 months in the Parish Jail. He was further sentenced to pay a $30,000 fine within 2 years and in default thereof, he was to serve 2 *382 years in the Louisiana Department of Corrections.
A study of the trial court’s fines previous to that imposed on the defendant reflect that the largest fine imposed for drug offenses was $10,000. The majority opinion disregards this discrepency of fines, citing State v. Quimby, 419 So.2d 951 (La.1982). However, Quimby, supra, states:
“This does not mean that disparity in sentences of co-defendants with similar backgrounds, charged with similar participation in identical crimes may not be considered as a factor in determining whether a sentence is excessive and out of proportion to the severity of a crime. It is only a factor to be considered along with all other appropriate considerations when there is no reasonable basis in the record for the disparity. State v. Sims, 410 So.2d 1082 (La.1982). (Emphasis added)
A fine of $7,500 for possession with intent to distribute preludin was held to be excessive by our Supreme Court in State v. Forshee, 395 So.2d 742 (1981).
Accordingly, I find the fine unconstitutionally disproportionate and excessive, and would remand the case to the trial court for resentencing, consistent with the views expressed herein.
For these reasons, I respectfully dissent.