YELVERTON, Judge.
The defendant, John Collins, pleaded guilty to being an accessory after the fact. La.R.S. 14:25. The principal crime was armed robbery. The maximum imprisonment for being an accessory after the fact to an armed robbery is five years with or without hard labor. Defendant was sentenced to four years at hard labor. He appeals claiming that the sentence imposed was excessive.
In imposing this sentence the trial court complied with the sentencing guidelines of Louisiana Code of Criminal Procedure Art. 894.1. A presentence investigation report which is in the record, together with the trial judge’s comments during sentencing, show the following factual basis for the sentence.
On October 6, 1985, Brownie’s Shop Rite was robbed by one person using a knife. The robber was seen to enter a truck which sped off immediately following the robbery. By witness identification, the truck was traced to the defendant and the defendant was determined to be the driver. His passenger was the actual robber. Defendant was originally charged with armed robbery, but there was some question as to his actual guilt of being a principal to an armed robbery, since apparently he may not have known that a robbery was about to take place. However, there was ample evidence that he was an accessory after the fact. For one thing, he shared the proceeds of the robbery.
The trial court considered both the aggravating and the mitigating circumstances required by the sentencing guidelines. He noted that this was the defendant’s first felony, that the defendant had cooperated in the prosecution of others involved in the *836 crime, and that the defendant was eligible for probation.
At the time of the offense Collins was 28 years old, unmarried, and had no dependents.
What impressed the sentencing judge the most was defendant’s record of arrests and convictions. While his record was confined to misdemeanors, it was nevertheless impressive. Beginning in 1979 and continuing down to the time of the present offense in October 1985, defendant’s record in Eunice consisted of some 42 arrests and convictions. His convictions included two DWIs, several resisting arrest convictions, theft, an assault on a police officer, and a simple battery that occurred just two months before the present offense. The trial judge particularly noted the number of violent misdemeanors.
Observing that Collins had served about six months in jail, added up, for his numerous misdemeanors, without apparent benefit, the judge believed that there was an undue risk defendant would commit another crime if put on probation, that he needed institutionalized correctional treatment, and that a sentence of anything less than four years of the five maximum would deprecate the seriousness of this crime.
The trial judge generally has wide discretion in determining the sentence a defendant is to receive, and that determination will not be reversed absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983).
Maximum sentences are reserved for the most egregious offenders. State v. Telsee, 425 So.2d 1251 (La.1983). In our opinion this defendant’s outstanding misdemeanor record justifies his near-maximum sentence.
In passing, we make special note of the fact that, although the defendant pleaded-down his charge from armed robbery, a benefit often considered in sentencing, that was not the case here, as the trial judge on the record declared that charging the defendant with armed robbery was unfounded.
We conclude that the sentence was not excessive.
AFFIRMED.