NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 06-528

STATE OF LOUISIANA

VERSUS

ALAN D. SIMMONS

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 04-357
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

**********

JOHN D. SAUNDERS
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and James T. Genovese, Judges.

AFFIRMED.

Honorable J. Phillip Haney
District Attorney
16th Judicial District Court
300 Iberia Street, Suite 200
New Iberia, LA 70560
(337) 369-4420
Counsel for Plaintiff:
State of Louisiana

**Richard Allen Spears**
**Attorney At Law**
**P. O. Box 11858**
**New Iberia, LA 70562-1858**
**(337) 367-1960**
**Counsel for Defendant:**
**Alan D. Simmons**

**Jeffrey J. Trosclair**
**Assistant District Attorney**
**16th Judicial District Court**
**Courthouse, 5th Floor**
**Franklin, LA 70538**
**(337) 828-4100**
**Counsel for Plaintiff:**
**State of Louisiana**

**SAUNDERS, Judge.**

On February 26, 2004, Defendant, Alan D. Simmons, was charged by bill of information with two counts of simple burglary of an inhabited dwelling, one count of aggravated burglary, one count of simple burglary, and one count of flight from an officer. At his arraignment on March 10, 2004, Defendant entered a plea of not guilty, and the matter was set for jury trial.

On August 23, 2004, Defendant's jury selection began. However, Defendant subsequently withdrew his plea, and entered a guilty plea. Pursuant to an agreement with the State, Defendant pled guilty to one count of aggravated burglary in violation of La.R.S. 14:60, one count of simple burglary of an inhabited dwelling in violation of La.R.S. 14:62.2, and one count of aggravated flight from an officer in violation of La.R.S. 14:108.1. In exchange for pleading guilty to the above crimes, Defendant received a sentencing cap of twenty years on the aggravated burglary conviction, and pled open-ended to the other convictions. Additionally, any sentences imposed were to be ordered to be served concurrently, and the State dropped the additional charges against Defendant. The State further agreed not to charge Defendant as a multiple offender, nor to charge him with possession of a firearm by a felon.

At the hearing on his Motion to Withdraw his guilty plea on August 3, 2005, Defendant argued that he had been assigned multiple attorneys by the indigent defender board, and that such counsel provided him conflicting advice. After hearing Defendant's arguments, the trial court denied the motion, and on the same day, the court sentenced Defendant to serve twenty years at hard labor for the aggravated burglary conviction; two years at hard labor for the aggravated flight from an officer conviction; and ten years at hard labor, the first year without benefit of probation,

parole or suspension of sentence, for the simple burglary of an inhabited dwelling conviction. The sentences were ordered to be served concurrently.

Defendant subsequently filed a Motion for Reconsideration, which was denied. Defendant now appeals his sentence, arguing that it is unconstitutionally excessive. After reviewing Defendant's claim, we do not find that his sentence was unconstitutionally excessive. Accordingly, we affirm Defendant's sentence.

## STATEMENT OF FACTS:

At the hearing on Defendant's Motion to Withdraw his guilty plea, the State offered the following factual basis for Defendant's charges:

_____Your Honor, on the first count, the state submits it would be able to establish that, on or between October 10th and October 12th of 2003, the residence of Evelyn Sandridge at the address listed in the bill was forcibly entered by the defendant without Miss Sandridge's permission, and thefts were committed in there of various electronic equipment and jewelry items.

Then, on the following day, at approximately 10:00 o'clock to 10:30 that evening on that Monday, the Iberia Parish Sheriff's Office get a response to the residence of Dewey and Kelly Touchet, which is located at 7604 Highway 14, of a burglary in process. Miss Touchet was in the residence, was confronted by a person that she can only identify as being a male figure because she has vision problems. She is completely blind in one eye and substantially blind in the other eye. And that in that confrontation, this person stole various items from her residence, jewelry items, including her husbands .32 revolver. The individual, who the state submits the evidence will show is the defendant, placed those items in a pillowcase from the Touchet residence and fled that residence.

And incidentally, the Sandridge residence, the items were placed similarly in a pillowcase.

When the Sheriff's Department responds to the burglary in progress, Detective Shane Landry is canvassing the area a short time after the call comes in. He had recently logged an unoccupied blue Pontiac Bonneville on the side of the road, ran the plate which came back to Pro Lease. The vehicle was actually leased to Mr. Simmons' common law wife, Miss Egland. Detective Landry departs for about a minute, turns around, and come [sic] back; and as he comes back, he

2

sees the defendant running to the blue Bonneville being chased by a gentleman by the name of Doug Hope, who is pointing to Detective Landry indicating that he had just had a confrontation with Mr. Simmons. Detective Landry pulls over Mr. Simmons' vehicle. As he's preparing to investigate, Mr. Simmons bolts out in the vehicle on Highway 14 in a 65 mile-per-hour zone, exceeding speeds well in excess of 25 miles an hour the speed limit [sic] on Highway 14, and as it goes down to 45 and 35 miles an hour as you enter New Iberia.

During this chase, Detective Landry's unit which was unmarked was joined by two marked sheriff's units which had both sirens and the lights flashing in pursuit of the defendant, who refused to stop the vehicle. The vehicle actually left his lane of travel, fishtailing into an opposite lane, ran off the roadway, hit a telephone pole when Mr. Simmons fled the scene and [sic] pursued on foot by Detective Landry, ultimately jumping into a dumpster at a nearby business, where he was extricated and handcuffed. In the dumpster was found Mr. Touchet's handgun that had just been stolen next to him on the ground. In addition to that, in the defendant's pocket when he was patted down, they found a ski mask with – a three-hole face-covered ski mask and gloves. Back in the vehicle that Mr. Simmons was driving, on the front passenger side, was the pillowcase from the Touchet residence filled with all of their jewelry items and various items that had recently been stolen as well as the items that were stolen from the Sandridge's burglary.

---

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find no errors patent.

**ASSIGNMENT OF ERROR:**

In his sole assignment of error, Defendant asserts that the sentence imposed by the trial court is unconstitutionally excessive. In his appellate brief, Defendant argues that his "sentence of twenty years at hard labor are [sic] clearly excessive in light of his lack of history of violence, his youth and the questionable basis [in] which the sentence was imposed."

3

In accordance with La.Code Crim.P. art. 881.1, Defendant filed a Motion to Reconsider, in which he alleged that his sentence was excessive. Louisiana Code of Criminal Procedure Article 881.1 requires a defendant to make a Motion to Reconsider the Sentence, setting forth the specific grounds upon which the motion is based in order to raise any sentencing claims on appeal. *State v. Mims*, 619 So.2d 1059 (La.1993). In *Mims*, the Louisiana Supreme Court held that when a defendant fails to provide any specific ground for excessiveness upon which the motion is based, "the defendant does not lose the right to appeal the sentence; the defendant is simply relegated to having the appellate court consider the bare claim of excessiveness." *Id.* at 1060.

Defendant pled guilty to one count of aggravated burglary, in violation of La.R.S. 14:60, punishable by imprisonment at hard labor for not less than one nor more than thirty years; one count of simple burglary of an inhabited dwelling, in violation of La.R.S. 14:62.2, punishable by imprisonment at hard labor for not less than one year, without benefit of parole, probation or suspension of sentence, nor more than twelve years; and one count of aggravated flight from an officer in violation of La.R.S. 14:108.1, punishable by imprisonment at hard labor not to exceed two years.

In *State v. Wilturner*, 03-719, pp. 5-6 (La.App. 3 Cir. 11/5/03), 858 So.2d 743, 746, the court explained:

> The standard of review for Louisiana appellate courts in determining whether a sentence levied upon a particular defendant was excessive is the manifest-abuse-of-discretion standard. *State v. Guzman*, 99-1753 (La.5/16/00), 769 So.2d 1158. A trial judge has considerable latitude in imposing sentences within the constraints provided by law. *State v. Thompson*, 02-0333 (La.4/9/03), 842 So.2d 330. However, in *State v. Marshall*, 94-0461, p. 24 (La.9/5/95), 660 So.2d 819, 829, the Louisiana Supreme Court held that "[a] sentence may violate a

4

defendant's constitutional right against excessive punishment even if it is within the statutory limit," *citing State v. Sepulvado*, 367 So.2d 762 (La.1979). Furthermore, under both United States and Louisiana law, a sentence is unconstitutionally excessive if it "(1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless and needless imposition of pain and suffering; or (2) is grossly out of proportion to the severity of the crime." *Coker v. Georgia*, 433 U.S. 584, 592, 97 S.Ct. 2861, 2866, 53 L.Ed.2d 982 (1977); *State v. Handy*, 96-2505, p. 1 (La.1/6/97), 686 So.2d 36, 37, citing *State v. Dorthey*, 623 So.2d 1276 (La.1993). The Louisiana Supreme Court has provided a list of several factors that appellate courts are to consider in ascertaining whether a sentence, by its excessive duration or severity, is grossly disproportionate to the underlying offense. *State v. Baxley*, 94-2982 (La.5/22/95), 656 So.2d 973, *citing State v. Telsee*, 425 So.2d 1251, 1253 (La.1983). The appellate court's analysis of the sentence is cumulative and centers on an amalgam of relevant factors. *Id.* Among these factors the supreme court notes, are "the nature of the offense and the offender, a comparison of the punishment with sentences imposed for similar crimes, the legislative purpose behind the punishment, and a comparison of the punishment provided for this crime in other jurisdictions." *Baxley*, 656 So.2d at 980, *citing Telsee*, 425 So.2d at 1253-54.

*Id.* (alteration in original).

At the sentencing hearing, the trial court stated the following:

All right. The court considers the following in this matter.

Alan D. Simmons is the defendant before the court. He was born on June 27, 1970. I would assume he's 35 years old.

. . . .

According to my records, he graduated from high school; but today he says he didn't. But he can read and write, and he has one child.

He's charged in this case – he was charged in this case with simple burglary of an inhabited dwelling on October 10 through October 12, 3209 Jack Brooks Road. He was also charged with simple burglary of an inhabited dwelling on October 12th at 8803 Highway 14, New Iberia. He was also charged with aggravated burglary with a handgun on October 12, 2003. He was also charged on October 13th, 2003, simple burglary, auto. He was also charged on October 13, 2003, aggravated flight from an officer.

5

In his plea bargain, he pled guilty to aggravated burglary, simple burglary of an inhabited dwelling, and aggravated flight. The other charges were dismissed.

The state agreed that all of the charges would run concurrent and that the state would not file a habitual offender bill.

I find that he's already benefited [sic] from the plea bargain, since some of these items could have been consecutive because they're all not committed as one crime. And he's also benefited [sic] by the plea bargain because, for aggravated burglary, he could have been sentenced up to 30 years and his plea bargain puts a cap of 20 years.

He's 35 years old. He's mature enough to understand and know what he did in the crimes he committed.

I find that these are his previous criminal convictions: June 1st, 1989, simple robbery and resisting an officer, four years on each count, concurrent; on July 29, 1989, possession of stolen property, theft, simple burglary, four years on each count, concurrent; on January 13, 1994, possession of cocaine, five years hard labor.

He was paroled. His parole was revoked on September 25, 2001.

On March 15, 1995, he was charged as a habitual offender, and his sentence was eight years hard labor.

So I consider three convictions and of course – three felonies, and of course the habitual offender as previous problems that he's had with the law.

I also consider that there is an undue risk that during period of a suspended sentence or probation the defendant will commit another crime, as is evidenced by his prior record.

The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution.

A lesser sentence than I will give would deprecate the seriousness of his prior record and these crimes.

The offender used a firearm or other dangerous weapon while committing or attempting to commit an offense which has as an element the use, attempted use, or threatened use of physical force against the person or property of another and which, by its very nature, involves a substantial risk that physical force may be used in the course of committing the offense.

6

One victim, Evelyn Sandridge, according to the victim impact statement, has undergone substantial economic hardship as a result of these crimes by the defendant, in that she has had to repair her property and has not had sufficient funds to do that. In addition to that, she is now afraid to stay alone in her house and has to have someone stay with her. It has made her life miserable.

So the court considers these factors in sentencing the defendant.

Defendant suggests in his appellate brief that his sentence is excessive "in light of his lack of history of violence, his youth, and the questionable basis [in] which the sentence was imposed." However, we find that it is evident from the court's reasons for judgment that it considered a number of other factors in determining Defendant's sentence. It reviewed the certified criminal history report submitted by the Department of Corrections, specifically noting Defendant's age and criminal record in its reasons for sentencing, and pointing out his multiple felony convictions and parole revocation. We further note that the trial court considered a number of extraneous factors, including Defendant's background, education, and the fact that he has a child.

In sentencing Defendant, the trial court reviewed the victims' impact statements and also considered the nature of the crimes he committed and their impact on the victims. According to a victim impact statement, which does not appear in the record, the trial court stated that one of the victims, an elderly woman who lives alone, has been significantly impacted by Defendant's actions, both emotionally and financially. The court further pointed out that Defendant had used a firearm or other dangerous weapon during the course of the offense, and that the nature of the offense involved a substantial risk of the use of force.

In its reasons for judgment, the trial court stated that imprisonment was appropriate for Defendant, as it found that there was a risk that Defendant would commit another offense during a period of suspended sentence or probation, based on his prior record, and that a lesser sentence would "deprecate the seriousness of his prior record and these crimes."

Finally, we note that Defendant received a substantial benefit as a result of his plea agreement with the State. *See State v. Williams*, 02-707 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095. As the trial court noted, the State dropped a charge of simple burglary of an inhabited dwelling and a charge of simple burglary pursuant to the agreement. These charges carry potential sentences of one to twelve years and twelve years, respectively. La.R.S. 16:62.2; La.R.S. 16:62. We also note that the charges result from two separate instances and, consequently, may have been ordered to run consecutively. *See* La.Code Crim.P. art. 883. Additionally, despite the maximum potential sentence of thirty years for aggravated burglary, Defendant's sentence was capped at twenty years pursuant to his plea agreement. La.R.S. 14:60. Further, the State agreed not to file a habitual offender bill or pursue charges for the possession of a firearm by a felon. Consequently, we find that Defendant received substantial benefit as a result of his plea agreement with the State.

We find that Defendant failed to show that the trial court abused its considerable discretion in sentencing him. We find that the trial court considered a number of aggravating and mitigating factors, as well as the nature of the crime and the offender, and the substantial benefit Defendant received as a result of his plea agreement. Therefore, we do not find that the trial court abused its wide discretion

8

in sentencing Defendant, nor do we find Defendant's sentence unconstitutionally excessive. Accordingly, we find that this assignment lacks merit.

## CONCLUSION:

We affirm Defendant's sentence.

**AFFIRMED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules, Courts of Appeal.

9