337 So.2d 1126 (1976)
STATE of Louisiana
v.
Keith W. LEDET.
No. 57710.
Supreme Court of Louisiana.
September 13, 1976.
Rehearing Denied October 13, 1976.
*1127 William M. Bass, Houma, Voorhies & Labbe, Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., James L. Alcock, Asst. Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
Defendant and Donald Duhe were charged jointly by bill of information with armed robbery, in violation of La.R.S. 14:64. The crime occurred shortly after 6:00 p.m. on June 12, 1974 in the parking lot of the D. H. Holmes Department Store in Houma. The victim, an employee of the store, was confronted by a person she later identified as Duhe, who held a gun in her face. When she acceded to his demand for her purse, he took some of its contents and fled in a blue station wagon. The victim got the license number of the vehicle and reported the robbery to the police. Another witness in *1128 the parking lot at the time saw a blue station wagon speeding out of the parking lot with two males in the front seat. A short time after the robbery the police stopped a vehicle fitting this description containing Duhe, the stolen goods, and the defendant, who was driving the automobile.
Duhe pleaded guilty and testified at defendant's trial in his behalf. In essence, he testified that defendant had no knowledge of and had not participated in the robbery. Nevertheless, the defendant was found guilty by a jury and sentenced to serve twenty years at hard labor without benefit of probation, parole, and/or commutation and diminution of sentence. On this appeal he urges six assignments of error.
ASSIGNMENT OF ERROR NO. 1
After arresting defendant and Duhe, police officers searched the car in which they were riding and found two guns. One was a .38 caliber revolver found between the seat and the front door on the passenger side of the automobile, and the other was a .25 caliber automatic pistol found under the seat on the driver's side of the vehicle. During the testimony of the victim, she was asked to identify the weapon used by her assailant to threaten her. She could not positively identify the revolver as the weapon because she said that all she was able to concentrate on at the time of the robbery was the barrel of the gun. The prosecutor then showed her the automatic, asked which one looked more like the gun used in the crime, and she stated that she thought it was the revolver.
Later, the two officers who conducted the search of the car testified that they had recovered the automatic, describing where they had found it and what they had done with it between the time of the crime and the trial. At the close of the State's case, the prosecutor sought to introduce the .25 caliber automatic pistol into evidence. At this time, counsel objected to its introduction on the ground that it was irrelevant and prejudicial, but the trial court overruled the objection and allowed the gun to be introduced. Defendant assigned as error this ruling of the trial judge and urges it as a basis for reversal of his conviction.
However, we conclude that the .25 caliber automatic pistol was evidence relevant to the case and that it was therefore properly received in evidence. La.R.S. 15:441 provides:
"Relevant evidence is that tending to show the commission of the offense and the intent, or tending to negative the commission of the offense and the intent.
"Facts necessary to be known to explain a relevant fact, or which support an inference raised by such fact, are admissible."
As pointed out by the State, the victim was unable to give an absolutely positive identification of the weapon used in the armed robbery. Both guns found in the automobile a short time after the commission of the crime were relevant to prove that Duhe used a dangerous weapon to rob the victim.
Moreover, the fact that a pistol was found under the seat on the driver's side of the car tended to show that defendant was a conscious participant whose role in the crime was to drive the get-away car. Certainly the presence of the weapon had probative value in establishing that the defendant realized he might need a gun to fend off authorities seeking to prevent his and Duhe's escape. Of course, to be admissible, the probative value of evidence must outweigh its prejudicial effect. McCormick on Evidence, 438 § 185 (2d ed. 1972). We find that the gun introduced in this particular instance had greater probative value than prejudicial effect. Thus, the trial court properly admitted it into evidence.
For the foregoing reasons, this assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
This assignment is based upon the trial court's refusal of defendant's motion for a directed verdict. Defendant claims that there is no evidence upon which the jury could have found him guilty of the crime of armed robbery, and that the trial court therefore erred in failing to grant the motion. Although defendant was not alleged to have himself performed the acts constituting armed robbery, the State's case *1129 was based upon the theory that defendant was a principal to the crime. LSA-R.S. 14:24 provides:
"All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals."
The victim of the crime testified that after Duhe robbed her, he ran away from her car through the D.H. Holmes parking lot. Shortly thereafter, she saw a blue station wagon with two young white males in it speeding out of the parking lot and committed to memory the license plate of the automobile. Another witness stated that she saw the blue station wagon as it rapidly left the parking lot and that two young white men were riding in it.
The officers who arrested Duhe and defendant testified that defendant was driving the car at the time it was stopped, that it matched the description given by the victim and the witness and that the license plate number was the same as that given by the victim. The officers also indicated that they had to run down the vehicle in order to force the driver to stop. The fruits of the armed robbery were found in the middle of the front seat of the car.
All of the above evidence constitutes facts from which the jury in this case could have found that the defendant was a principal in the armed robbery with Duhe, and thus there is some evidence that he committed the crime. State v. Douglas, 278 So.2d 485 (La.1973). The trial court properly refused the motion for a directed verdict.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 3
Defendant's third assignment of error complains of the following extract from the charge given by the trial court to the jury:
"Gentlemen, a legal presumption relieves him in whose favor exists the necessity of any proof, but can nonetheless be destroyed by rebutting evidence. Such is the presumption that the defendant intended the natural and probable consequences of his act. That the defendant is innocent. That the person in the unexplained possession of property recently stolen is the thief. That the evidence under the control of a party and not produced by him was not produced by him because it would not have aided him. From the recent possession of stolen things, guilt may be inferred, unless there is a reasonable account given of the property as having been lawfully handled and not feloniously obtained. This inference or presumption is strengthened or weakened in accordance with the length of time between the theft and the time of finding of the property. If it has been shown to your entire satisfaction, and beyond a reasonable doubt, that the defendant possessed the things of value described in the bill, either physically or constructively, it must also be show [sic] by the same degree of proof that the intention of the defendant was to deprive another permanently of his property in violation of the law."
This charge tracks almost perfectly the provisions of La.R.S. 15:432, which states:
"A legal presumption relieves him in whose favor it exists from the necessity of any proof; but may none the less be destroyed by rebutting evidence; such is the presumption attaching to the regularity of judicial proceedings; that the grand jury was legally constituted; that public officers have done their duty; that a relation or subject-matter once established, continues, but not that it pre-existed; that the defendant intended the natural and probable consequence of his act; that the defendant is innocent; that the defendant is sane and responsible for his actions; that the person in the unexplained possession of property recently stolen is the thief; that evidence under the control of a party and not produced by him was not produced because it would have not have aided him; that the witnesses have told the truth."
Defendant argues that the trial court erred in instructing the jury as it did, *1130 contending the presumption did not apply to him because no stolen property was found on his person. However, the testimony of the arresting officers placed the stolen property in the middle of the front seat between defendant and Duhe a short time after the commission of the crime. La.R.S. 15:432 refers not only to actual physical possession of stolen property on one's person, but also constructive possession of items within the immediate control of a person. It was for the jury to decide whether the defendant in fact was in possession of the goods.
This assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 4
In this assignment, defendant urges that the trial court erred in refusing his motion for a new trial. Defendant's motion was grounded on the assertion that the verdict is contrary to the law and the evidence and on a reurging of the alleged defects at trial which defendant assigned as error.
The trial court's ruling on this motion presents nothing new for this Court to review. For appellate purposes, a motion for a new trial based on the lack of evidence to support a conviction does not raise a reviewable question of law unless there is a total lack of evidence to prove the crime or an essential element thereof. State v. Collins, 306 So.2d 662 (La.1975). We have reviewed the evidence to determine the validity of defendant's motion for a directed verdict and, as indicated above, concluded that there was some evidence that defendant committed the crime charged. Furthermore, none of the assignments of error urged by defendant are meritorious. Therefore, the trial court properly denied the defendant's motion for a new trial.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 5
Defendant argues that his sentence of twenty years at hard labor constituted cruel and unusual punishment, especially in light of the fact that defendant's alleged co-conspirator, Duhe, who pleaded guilty, was sentenced to only five years at hard labor.
The record, however, does not reflect that defendant objected to the sentence at the time it was imposed. Article 841 of the La.Code of Criminal Procedure states that an error or irregularity in the proceeding cannot be availed of after verdict unless it was objected to at the time of the occurrence. Thus, the defendant cannot now object to the sentence as being cruel and unusual. See, State v. Dillard, 320 So.2d 116 (La.1975). Even if we chose to consider defendant's argument despite his failure to properly raise the issue on appeal, it does not appear to have merit. The fact that a sentence may be greater than one received by another defendant from the same court for the same crime does not, in and of itself, render the sentence cruel and unusual. See, State v. Blue, 315 So.2d 281 (La.1975).
This assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 6
The final error assigned by defendant relates to the constitutionality of a non-unanimous jury verdict. He argues that because his jury returned a less than unanimous verdict of guilty, he was denied the right to be presumed innocent until found guilty beyond a reasonable doubt.
This argument has been consistently rejected by both the United States Supreme Court and this Court. See, Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972); State v. Ross, 320 So.2d 177 (La.1975). A less than unanimous guilty verdict in an armed robbery case does not violate the United States Constitution or the Louisiana Constitution.
This assignment of error lacks merit.
Nevertheless, the sentence must be vacated and the case remanded for re-sentencing. On October 4, 1974, the defendant was sentenced to serve twenty years at hard labor without benefit of probation, parole or commutation or diminution of sentence. Insofar as the sentence conflicts with the Louisiana Constitution by depriving the governor of his power to commute *1131 the sentence it is invalid. Art. 5, § 10, La.Constitution 1921; State v. Ramsey, 292 So.2d 708 (La.1974).
For the reasons assigned, the conviction of the defendant is affirmed but the case is remanded for re-sentencing.