459 So.2d 676 (1984)
STATE of Louisiana
v.
Billy CARRY.
No. KA 1990.
Court of Appeal of Louisiana, Fourth Circuit.
November 14, 1984.
*677 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Beryl M. McSmith, Asst. Dist. Atty., New Orleans, for the State.
John M. Lawrence, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before REDMANN, C.J., and GARRISON and KLEES, JJ.
GARRISON, Judge.
The defendant, Billy Carry, was charged by bill of information with aggravated crime against nature, attempted aggravated rape and aggravated burglary. A twelve member jury found the defendant guilty as charged on all counts. The trial judge sentenced the defendant to fifteen years at hard labor for the aggravated crime against nature conviction, twenty-five years at hard labor for the attempted rape conviction, and twenty-five years at hard labor for the aggravated burglary conviction. Additionally, the sentences imposed for the aggravated crime against nature conviction and for the attempted aggravated rape conviction are to be served without benefit of parole, probation or suspension of sentence. All three sentences are to run concurrently. Defendant appeals.
*678 The facts of this case are as follows: On June 5, 1983 at approximately 1:00 a.m., a young woman awoke in her French Quarter apartment and saw a man standing in her bedroom. She started screaming and ran out of the bedroom and into the living room. While running from the bedroom, she saw the man go out of the bedroom window and onto the balcony. The woman then started to return to her bedroom to call the police when suddenly the same man jumped on her. They struggled and the man dragged her into the bedroom. He was threatening the woman with a knife at this time. The man then removed his pants and tried unsuccessfully to force the woman to have sexual intercourse with him. He then forced the woman to perform oral sex. After this attack, the woman managed to escape from the bedroom and onto the balcony where she and the man struggled. Her screams attracted the attention of some passers-by as well as the attention of some of her neighbors who had come outside to investigate the disturbance. The man ran back into the woman's apartment and the woman slid down a pole off the balcony and into the street. She received help from bystanders and neighbors until the police arrived.
The woman gave the police a detailed description of her assailant and told police that the man was probably still in her apartment building. The police searched the building and found a man matching the assailant's description hiding in a utility closet in a hallway of the apartment building. The victim positively identified this man as her assailant.
A search of the victim's apartment revealed that her closet had been ransacked and that the contents of her purse had been scattered on the balcony. Police found the knife allegedly used in the attack and a pair of sunglasses allegedly dropped by the assailant. Some items taken from the victim's apartment were found in the utility closet where the defendant was hiding.
A review of the record for errors patent reveals that the trial judge erred in withdrawing the benefits of parole, probation or suspension of sentence from the defendant's attempted aggravated rape conviction. According to the case of State v. Green, 391 So.2d 833 (La.1980), the applicable sentencing statute for attempted aggravated rape, La.R.S. 14:27(D)(1),[1] does not prohibit eligibility for parole, probation or suspension of sentence. The recently amended Code of Criminal Procedure Article 882, effective September 3, 1984, provides that courts of appeal may correct illegal sentences at any time. Therefore, we amend the sentence imposed for the attempted aggravated rape conviction to strike the portion of the sentence which withdraws these benefits.
Defendant alleges six assignments of error. Assignments of Error Two and Five have been specifically abandoned by the defendant as having no merit.
In Assignments of Error One and Four, the defendant alleges that the trial court erred in refusing to order the State to produce statements made by the victim to State witnesses and in permitting the State to elicit hearsay evidence under the "res gestae" exception of "first report of a sexual offense". In these assignments, the defendant alleges that two witnesses, Officer Ronald Serpas and Mr. Richard Dicharry, testified at trial as to statements made to them by the victim shortly after the incident in question. In Assignment of Error One, the defendant argues that the State should have given notice to the defense of its intention to use these statements. The defense made a pre-trial motion in which it asked the court to compel the State to disclose all evidence favorable to the defendant. This motion was made pursuant to the case of Brady v. State of Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), which holds that the Fourteenth Amendment mandates that the prosecution must disclose to the defense *679 evidence favorable to the defendant if such evidence is material to his guilt or punishment. The defendant now contends that the failure of the trial court either to order the production of these statements or to make an in-camera inspection of them impaired his ability to properly assess the strength of the State's case in preparing a defense.
The general rule is that the prosecution is not required to furnish statements made by State witnesses unless they are exculpatory and material to the defendant's guilt or punishment. State v. Landry, 381 So.2d 462 (La.1980). The statements in question do not meet these requirements. The victim merely told Mr. Dicharry that she had been attacked and that she thought that her assailant might still be in her apartment building. Officer Serpas testified only that he received a description of the assailant from the victim and that he and other officers discovered a subject matching this description hiding in the apartment building. He also stated that the victim identified this subject as her assailant; however, this was not hearsay and was merely cumulative of the victim's own testimony.
The defendant contends that because these two witnesses testified as to the identification of the defendant and as to the credibility of the victim, knowledge of these statements prior to trial could have allowed the defense to attempt to impeach or to contradict these witnesses during cross-examination. According to the defendant, the State's failure to disclose these statements prior to trial prejudiced the defendant's case.
Even if the defendant's contentions are true, a conviction will not be reversed unless the omitted evidence creates a reasonable doubt that did not otherwise exist. United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). When evaluating the testimony of these two witnesses in the context of the entire record, it is clear that the evidence of the defendant's guilt in this case is overwhelming.
Defendant's other argument is that pre-trial access to these statements would have allowed him to impeach or to contradict these witnesses on the issue of who actually received the first report of the incident from the victim. In Assignment of Error Four, the defendant alleges as error the trial judge's allowance of two witnesses' hearsay testimony under the first report of a sexual offense exception. The defendant claims that Officer Serpas was the first person to whom the victim reported the attempted rape and that, therefore, only his testimony should have been admissible under this exception to the hearsay rule. According to the defendant, the testimony of Mr. Dicharry was inadmissible hearsay and its admission constitutes reversible error.
It should first be noted that no hearsay testimony was elicited from Officer Serpas. Furthermore, the defendant construes this exception to the hearsay rule much more narrowly than the Louisiana Supreme Court. In the case of State v. Middlebrook, 409 So.2d 588 (La. 1982), three police officers were allowed to relate at trial various statements made to them by a victim of an attempted rape shortly after her attack. The Supreme Court ruled that the testimony of these three officers was admissible because:
"This court has long recognized an exception to the hearsay rule allowing admission of the early complaints of rape victims. At times, the court has characterized these as the `first complaints of rape victims' constituting res gestae exceptions to the hearsay rule. In other cases, the court has referred to such statements simply as `early complaints of rape victims' and ruled that they were admissible as such." State v. Middlebrook, supra.

Defendant's contention that testimony under this exception is limited to one witness is insupportable. These two assignments of error are without merit.
In Assignment of Error Three, the defendant contends that the trial court *680 erred in refusing to grant his request for a competency hearing made on the morning of the trial. This request was made because the defendant indicated that he wanted to change attorneys and that he did not understand the proceedings. La.C.Cr.P. 643 states:
"The court shall order a mental examination of the defendant when it has reasonable ground to doubt the defendant's mental capacity to proceed."
The defendant offered no evidence to support his request for a competency hearing. A trial judge's ruling on the request for a competency hearing will not be disturbed on appeal absent a clear showing of an abuse of discretion. State v. Wilkerson, 403 So.2d 652 (La.1981).
Because the defendant claimed that he did not understand the proceedings in which he was involved, the trial judge questioned the defendant at length on this subject. The trial judge concluded that the defendant understood his rights and that his actions indicated only an attempt to circumvent the orderly execution of the proceedings. Because the defendant failed to show any basis for his claim that he was mentally incapable to proceed, the trial judge acted within his discretion in denying defendant's request for a competency hearing. This assignment of error is without merit.
In his final assignment of error, the defendant argues that the trial court erred in denying defendant's motion for a new trial. Defendant based his motion for new trial on the grounds that the State presented insufficient evidence to sustain his conviction for aggravated crime against nature and attempted aggravated rape and that the court failed to order a competency hearing for the defendant.[2] As for defendant's insufficiency of evidence argument, he specifically alleges that the State failed to prove the element of aggravation.[3] According to the defendant, the victim's uncorroborated version of the attack was the only proof presented by the State that indicated that the knife found in the victim's apartment was actually used by the defendant to threaten the victim.
Our standard of review is stated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), as follows: Viewing the evidence in the light most favorable to the prosecution, the appellate court must determine whether any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. The evidence presented at trial was more than sufficient to justify the guilty verdicts in this case. The fact that only the victim testified as to the use of the knife in this case does not invalidate the jury's guilty verdicts for aggravated crime against nature and attempted aggravated rape. The weight and credibility of the victim's version of the attack was clearly a matter within the jury's discretion. Because the jury chose to believe the victim's testimony and returned guilty verdicts based on sufficient evidence, the trial judge acted within his discretion in denying the defendant's motion for new trial.
We affirm the defendant's convictions. We also affirm the defendant's sentences for aggravated crime against nature and for aggravated burglary. Defendant's sentence for attempted aggravated rape is amended to strike the portion which withdraws the defendant's eligibility for parole, probation or suspension of sentence. The amended sentence for the attempted aggravated *681 rape conviction is now twenty-five years at hard labor.
AMENDED AND AFFIRMED
NOTES
[1] La.R.S. 14:27(D)(1) states:

"If the offense so attempted is punishable by death or life imprisonment, [one convicted of attempt] shall be imprisoned at hard labor for not more than fifty years."
[2] The court's denial of a competency hearing has been discussed in Assignment of Error Three.
[3] The element of aggravation is defined as follows:

(1) Where the victim resists the act to the utmost, but whose resistance is overcome by force; or
(2) Where the victim is prevented from resisting the act by threats of great and immediate bodily harm, accompanied by apparent power of execution; or
(3) Where the victim is prevented from resisting the act because the offender is armed with a dangerous weapon; or
(4) Where the victim is under the age of twelve years. Lack of knowledge of the victim's age shall not be a defense.