No. 83–6865.   VINCENT v. LOUISIANA, 469 U. S. 1166;
No. 84–269.   BLOOM v. UNITED STATES, 469 U. S. 1157;
No. 84–788.   LANDERS v. STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. ET AL., 469 U. S. 1159;
No. 84–5454.   STAPLES v. TOWNE ET AL., 469 U. S. 1162;
No. 84–5749.   BRIDGES ET AL. v. PHILLIPS PETROLEUM CO., 469 U. S. 1163;
No. 84–5806.   DAY v. SUPREME COURT OF TEXAS ET AL., 469 U. S. 1194;
No. 84–5828.   ROCCO v. CENTRAL MUNICIPAL COURT, COUNTY OF ORANGE, 469 U. S. 1195; and
No. 84–5891.   SLATER v. UNITED STATES, 469 U. S. 1195. Petitions for rehearing denied.

MARCH 5, 1985

No. 84–6325 (A–666).   WITT v. WAINWRIGHT, SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS, ET AL.   C. A. 11th Cir. Application for stay of execution of sentence of death, presented to JUSTICE REHNQUIST, and by him referred to the Court, denied. Certiorari denied.   JUSTICE STEVENS would grant the application.   JUSTICE POWELL took no part in the consideration or decision of this application and this petition.

JUSTICE MARSHALL, with whom JUSTICE BRENNAN joins, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 231 (1976) (MARSHALL, J., dissenting), I would grant Witt's application for a stay of execution.   But even if I thought otherwise, I would stay this execution because Witt's petition raises an issue—crucial to the administration of capital punishment in this country—on which there exists a split of authority among the Courts of Appeals.   This Court is certain to grant certiorari in the immediate future to resolve this issue, and our resolution will govern the question whether Witt's death sentence is constitutional. Under these circumstances, a denial of Witt's application for a stay is manifestly unjust.