LOTTINGER, Judge.
Lindsey Coleman, Jr. (defendant) was charged by bill of information with attempted armed robbery in violation of La. R.S. 14:27 and 14:64. After three sanity hearings, defendant was arraigned and pled not guilty. Defendant was convicted by a jury and was sentenced to eight years at hard labor without benefit of probation, parole, or suspension of sentence.
FACTS
On the morning of November 30, 1982, May Young was working at a Shop Rite store in Raceland, Louisiana, when a black male entered the store and asked the price of some fishing equipment. Ms. Young replied that it was marked, whereupon he drew a gun and demanded the money in the cash register. Ms. Young responded by producing a tire iron with which she threatened to hit him, and he “casually” left the store. Ms. Young then called the police. This occurred at about 10:45 a.m. Deputy Sheriff Oscar Cleveland picked up the defendant at approximately noon of the day *592 of the attempted robbery on Williams Street in Raceland. He was brought in for questioning on the basis of a description given the sheriffs department by Ms. Young which pointed particularly to defendant’s short stature and a distinctive hat which defendant was still wearing when picked up. Ms. Young later identified defendant as the perpetrator in a line up. Based on this, defendant was tried and convicted.
ASSIGNMENTS OF ERROR
On appeal, defendant asserts the following as assignments of error:
(1) The trial court erred in denying defendant’s motion for a mistrial when the state amended the bill of information after the jury had been selected and sworn in.
(2) The trial court erred in denying defendant’s motion for double jeopardy under the laws and constitutions of the State of Louisiana and the United States of America.
(3) The trial court erred in denying defendant a new trial based on comments by the District Attorney which referred to defendant, by name, as being the man at the scene of the crime, when that fact had not been proven.
(4) The trial judge erred in denying defendant a new trial based on comments by the prosecutor in which he asked the jurors to “place themselves in the position of the victim.”
(5) The trial court erred in denying defendant’s motion to suppress evidence obtained from a lineup, as well as subsequently tainted information.
(6) The jury erred in convicting defendant when the evidence did not support such a finding.
(7) The law of the State of Louisiana which allows a conviction based on less than unanimous verdict is unconstitutional under the laws of the State of Louisiana and United States of America.
(8) The sentence imposed is illegal and should be reversed.
ASSIGNMENT OF ERROR NO. 1
After the jury was selected and sworn in, the state moved to amend the bill of information to correct an error, by changing the date of the offense from November 29, 1982 to November 30, 1982. Defense counsel unsuccessfully moved for a mistrial, and the trial judge granted a two day recess to allow defense counsel to adjust his defense to the new date. Defendant now contends that it was error to deny a mistrial in that the change of date created a substantial defect in the proceedings, which warrants a mistrial under Article 775 of the Louisiana Code of Criminal Procedure.
Article 487 of Louisiana Code of Criminal Procedure provides that “an indictment ... shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form.... The court may at any time cause the indictment to be amended in respect to any such formal defect....” Article 468 of the same code provides that the date or time of the commission of the offense need not be alleged in the indictment, unless the date or time is essential to the offense. A mistake respecting the date on which the offense occurred has been held to be a defect in form only, and amendments are allowed unless the date is essential to the offense. State v. Lawson, 393 So.2d 1260 (La.1981); State v. Dye, 384 So.2d 420 (La.1980); State v. Drew, 360 So.2d 500 (La.1978) cert. denied 439 U.S. 1059, 99 S.Ct. 820, 59 L.Ed.2d 25 (1979). The date or time of an attempted armed robbery is not essential to the offense. La.R.S. 14:64; La.Code Cr.P. art. 468, Comment (b). This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
At the end of the above mentioned recess, the prosecutor sought to recommence the trial. Defendant filed a motion, seeking to have the charges against him dismissed on grounds of double jeopardy. The motion was denied, and the prosecutor proceeded with the trial. Defendant now *593 contends that the denial of his motion was error, and proceeding forward with the trial violated his constitutional right against double jeopardy.
Defendant’s argument, as far as we can tell, is apparently based on Article 708 of the Code of Criminal Procedure which provides:
A continuance is the postponement of a scheduled trial or hearing, and shall not be granted after the trial or hearing has commenced. A recess is a temporary adjournment of a trial or hearing that occurs after a trial or hearing has commenced.
Official Revision Comment (b) to that article provides that a defendant who is prejudiced by a recess that is too long can object on grounds of double jeopardy. Therefore, we must determine the prejudicial effect, if any, that this recess had on defendant.
We have already established that the amendment to the bill of information was proper. The recess was granted at defendant’s instance to enable him to reevaluate and prepare his alibi defense, as his alibi and witnesses were different for the new date. The trial judge provided a two day recess for defendant to locate new witnesses and prepare a new defense. The record establishes that defendant used the same witnesses as originally subpoenaed, and only added two character witnesses. This leads us to conclude that the two day delay was adequate time for defendant to prepare his alibi defense for the new date. Also, the fact that defendant used the same witnesses, when combined with the fact that defendant has failed to establish any prejudice, convinces us that defendant was not prejudiced by the two day delay. Since there was no prejudice, and considering defendant was not subject to two trials, the trial judge properly denied defendant’s assertion of double jeopardy.
Defendant also contends that the delay in the trial-was a continuance and not a “recess” as termed by the trial judge. Under Article 708 of the Code of Criminal Procedure, as set forth above, the trial judge was precluded from granting a continuance, as the trial had already commenced with the examination of the first prospective juror. See La.Code Cr.P. art. 761. The trial judge was well aware of this limitation and made it clear that he was granting a recess and not a continuance. We conclude that what was granted was a recess and not a continuance, and no error was committed.
ASSIGNMENTS OF ERROR NOS. 3 AND 4
In these assignments of error, defendant complains of two statements made by the prosecutor as being so prejudicial as to warrant a new trial. The first statement referred to defendant as being the man at the scene of the crime. In the second statement, the prosecuting attorney, during closing argument, asked the members of the jury to place themselves in the victim’s position. After the first statement, the judge admonished the jury because it was the jury’s duty to decide if defendant was the perpetrator and not that of the prosecutor. As to the second statement, the judge overruled defendant’s objection and allowed the statement as part of the state’s closing argument.
In brief, defendant contends that these statements warrant a new trial. However, defendant did not file a motion for new trial and did not object to the court’s admonition of the jury. As defendant did not request a new trial or object to the adequacy of the admonition, the issue of whether the statements warrant a new trial is not before us. La.Code Crim.P. art. 841.
In any event, we find that no prejudice resulted from the statements. As to the first statement, immediately prior to it, the victim testified that she positively remembered the defendant as the perpetrator. In addition, any prejudice which resulted was cured by the judge’s admonition to the jury which explained the problem and instructed the jurors to disregard the question. Also, under Article 771 of the *594 Code of Criminal Procedure, the admonition was proper.
As to the second statement, the prosecutor was making a point in reference to an identification of defendant by the victim. Defendant had questioned victim’s ability to remember defendant, and the prosecutor was arguing that any reasonable person would be able to remember, and later recognize, a person who had threatened him or her with a gun. We find that this argument was proper and that defendant was not unduly prejudiced by this comment.
ASSIGNMENT OF ERROR NO. 5
Defendant argues that the trial court committed reversible error by denying defendant’s motion to suppress the evidence obtained from a line-up and the subsequently tainted information. He alleges such line-up consisted of men all much taller than himself and of lighter skin color and was thus highly suggestive and prejudicial.
In State v. Williams, 458 So.2d 1315, 1332 (La.App. 1st Cir.1984), we stated the following in addressing a claim very similar to the present:
The validity of an identification procedure depends upon whether, judging from the totality of the circumstances, the procedure was so unnecessarily conducive to irreparable mistaken identification as to deny the accused due process of law. Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); State v. Lindsey 404 So.2d 466, 473 (La.1981), remanded on other grounds, 428 So.2d 420 (La.1983). A lineup is unduly suggestive if the identification procedure displays the defendant so that the witness’ attention is focused on the defendant. State v. Robinson, 386 So.2d 1374 (La.1980); State v. Dryer, 449 So.2d 620 (La.App. 1st Cir.1984).
The line-up took place within three days of the date of the occurrence of the crime. Defendant himself described the other members of the line-up as all being black, but “lighter skin”; one being taller, one being shorter, the other three being a little taller, maybe an inch. They were approximately the same age and were wearing the same clothing. The line-up lasted ten minutes.
The sheriff’s department conducted the line-up. Chester Douglas of the sheriff’s department said that Ms. Young identified defendant with “no hesitation.” She had her back to the line-up and then was asked to turn around and see if the man who robbed her was present. She did not equivocate in her choice. She chose defendant.
Taking defendant’s own testimony that the men in the line-up were similar to him in physical characteristics and the fact that the victim had no hesitancy in her identification, due process was satisfied and the line-up was not unduly suggestive.
ASSIGNMENT OF ERROR NO. 6
Defendant argues that error was committed in finding him guilty when the evidence did not reasonably support such a finding.
The standard of reviewing the sufficiency of evidence to support a conviction is whether in viewing the evidence most favorable to the prosecution, any rational trier of fact would have found that the state proved the essential elements of the crime and the identity of the defendant as perpetrator beyond a reasonable doubt. La.Code Crim.P. art. 821; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The statute that defendant is accused of violating is La.R.S. 14:64, armed robbery, which is the theft of anything of value belonging to another from the person of another, or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon. La.R.S. 14:27, the attempt statute, requires the specific intent to commit a crime and an act towards accomplishing that crime. Defendant clearly intended to rob the Shop Rite; he pointed the gun at Ms. Young and asked for all the money in *595 the cash register. Ms. Young identified defendant as the perpetrator. We are convinced that the evidence was sufficient to establish defendant’s guilt and the jury’s verdict must stand.
ASSIGNMENT OF ERROR NO. 7
Defendant alleges that the law of the state of Louisiana allowing a conviction on less than a unanimous decision of the jury is unconstitutional under the laws of the State of Louisiana and the United States of America. Defendant was found guilty and convicted on a jury verdict of eleven to one.
Article I, § 17 of the Louisiana Constitution arid La.Code Cr.P. art. 782 provide that cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to reach a verdict. State v. Ledet, 337 So.2d 1126 (La.1976).
Non-unanimous verdicts in twelve member jury cases have been upheld as constitutional. State v. Jones 381 So.2d 416 (La.1980). Furthermore, less than unanimous verdicts have been held constitutional in armed robbery cases. State v. Ledet, supra.
ASSIGNMENT OF ERROR NO. 8
In his last assignment of error, defendant attacks the legality of his sentence. Specifically, defendant contends that a sentence for conviction of attempted armed robbery cannot include a prohibition of probation, parole, or suspension of sentence.
Defendant bases his argument on La. R.S. 14:27, the attempt statute, which does not provide for the ineligibility for parole, probation or suspension of sentence.
This precise issue was recently addressed by our Supreme Court in State ex rel. Sullivan v. Maggio, 432 So.2d 854 (La.1983). Therein, the court, relying on a previous decision, held that a person convicted of attempted armed robbery must be imprisoned at hard labor and without benefit of parole, probation or suspension of sentence. As such, defendant’s sentence was not illegal.
For the above and foregoing reasons the conviction and sentence are affirmed.
AFFIRMED.