508 So.2d 118 (1987)
STATE of Louisiana
v.
Joseph H. BROWN, Jr. and Arthur Simmons.
No. KA-6883.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1987.
*119 William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., New Orleans, Harry F. Connick, Dist. Atty., Joseph H. McCusker, III, Asst. Dist. Atty., New Orleans, for appellee.
Sherry Watters, Orleans Indigent Defenders Program, for appellant-Arthur Simmons.
Patrick J. Costa, New Orleans, for appellant-Joseph H. Brown, Jr.
Before GULOTTA, GARRISON and BARRY, JJ.
GULOTTA, Judge.
Co-defendants, Joseph H. Brown and Arthur Simmons, appeal their convictions for forcible rape, a violation of LSA-R.S. 14:42.1. In identical assignments of error, both defendants contend that hearsay testimony was improperly admitted and the evidence was insufficient to find them guilty as charged. In a third assignment of error, defendant Brown contends that his sentence of thirty-five years is excessive. We affirm.

BACKGROUND
On the evening of January 25, 1985, the victim celebrated her nineteenth birthday at a bar near Melpomene Boulevard in New Orleans. While there she danced once with a man whom she later identified as Joseph Brown. Sometime between 12:30 and 1:00 a.m., the victim left the lounge and walked to a nearby store. While returning to the bar, she was followed by Brown and was confronted by a second man, whom she later identified as Arthur Simmons. The two men then forced the victim into a parked car and drove her to a nearby apartment at 1522 South Liberty Street where she was beaten with a long screwdriver and was raped four times by each man over the next several hours. Between 4:30 a.m. and 5:30 a.m., the victim fled from the building as Brown continued to beat her. She obtained a ride from a passerby and returned to a friend's house between 5:30 a.m. and 6:00 a.m.
The victim reported the crime to the police, and a few days later identified Brown and Simmons in photo lineups. Defendants were subsequently charged with forcible rape. After conviction, Brown was sentenced to thirty-five years with credit for time served, and Simmons was sentenced to fifteen years, with credit for time served, with the first two years of his sentence to be without benefit of parole, probation, or suspension of sentence.

HEARSAY TESTIMONY
In their first assignments of error, defendants contend the trial judge erred in refusing to exclude the testimony of the victim's friend about what the victim told her following the crime. The friend was allowed to testify that between 5 and 6 a.m. on the morning of January 26, 1986, the victim had knocked at her door and had told her that she had been repeatedly raped earlier by two men. According to defendants, the victim's friend was not the original or first hearer of the victim's statement since the victim had previously told it to the unknown man who had given her a ride, and the statement was not an excited utterance since it took approximately one and one-half hours for the man to drive the victim to her friend's house. We disagree.
The two basic requirements for the excited utterance exception to the hearsay rule are: 1) an occurrence sufficiently startling to produce a spontaneous and unreflected statement, and 2) a statement made as a spontaneous reaction relating to the circumstances of the occurrence. State v. Henderson, 362 So.2d 1358 (La.1978). Louisiana law recognizes a special form of the excited utterance or res gestae exception *120 in prosecutions for sex offenses. LSA-R.S. 15:447, 448; State v. Yochim, 496 So.2d 596 (La.App. 1st Cir.1986); State v. Carry, 459 So.2d 676 (La.App. 4th Cir. 1984). When there is no unexplained lapse of time between the rape and the complaint, and when the utterance is spontaneous, the person to whom the complaint was made is allowed to repeat the statements in court. State v. Prestridge, 399 So.2d 564 (La.1981). State v. Yochim, supra.
In State v. Yochim, supra, an adult rape victim was forcibly taken from her home at knife point, held captive and raped for more than an hour, and then abandoned on a public highway. The victim first told a stranger who offered her a ride that she had been raped, then told an off-duty police officer, and subsequently gave details to her mother-in-law and a law enforcement officer. The trial judge allowed the hearsay testimony of the officer into evidence, and on appeal the statement was held admissible, even though it had been made to more than one person. The Yochim court concluded that the victim's emotional upset had not subsided even though the multiple statements had been made within fifteen minutes after reaching her mother-in-law's house, within forty-five minutes from her release on the highway, and within ninety minutes of the crime.
In the instant case, the 19 year old victim was beaten and raped over several hours, and fled from the scene through the assistance of a passerby. Although some time elapsed during the ride from the crime scene to the victim's friend's house, the friend testified that the victim was "breathing all heavy and fast", had bruises and scrapes, and was dazed, "like between dizziness and stuff" and "kept passing back and forth". Under these circumstances, as in Yochim, supra, it is clear that the victim's statement that she had been raped was spontaneous and unreflected, resulting from the traumatic events that had transpired earlier. Accordingly, we find no error in the trial judge's ruling.
These assignments of error lack merit.

SUFFICIENCY OF EVIDENCE
Defendants further argue that the evidence was insufficient to find them guilty of forcible rape. Defendants point out that the State failed to negate the possibility that the victim misidentified them as the perpetrators since the victim had been drinking on the evening of the attack, was nearsighted, did not have a lasting opportunity in the darkness to view her attackers, and later contradicted her earlier statements to police.
To support a conviction of forcible rape, the State must prove that the anal or vaginal intercourse was performed without the consent of the victim who was prevented from resisting the act by force or threats of physical violence under circumstances where the victim reasonably believed that such resistance would prevent the rape. LSA-R.S. 14:42.1. The appellate standard of review is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Summit, 454 So.2d 1100 (La.1984), cert. denied 470 U.S. 1038, 105 S.Ct. 1411, 84 L.Ed.2d 800 (1985); State v. Fuller, 414 So.2d 306 (La.1982).
In the instant case, the victim testified that she was abducted by two men, and was beaten and repeatedly raped by them. She testified that she was scared and was forced to submit to the defendants. She positively identified the defendants from photo lineups within a week and a half after the crime, and again identified them at trial. Before her abduction, she danced briefly with one of the defendants earlier in the evening. The crime took place over a period of several hours and the victim had an opportunity to observe the perpetrators at close range. Although she is nearsighted, she testified that her attackers shined a lamp between her legs for a time during the rape and she was able to see the defendants clearly.
A physician who examined the victim at 7:15 a.m. on the morning of the crime described the superficial abrasions on the victim's *121 face and testified that his examination of the victim was positive for recent sexual intercourse. The victim's friend and an investigating police officer further corroborated the victim's version of the incident by testifying that she was traumatized and had abrasions and bruises on her face.
In contrast to the victim's testimony, both defendants offered alibi defenses. Although both admitted that they live in the immediate vicinity of the crime scene, Simmons testified that he was home at the time and his grandmother corroborated his story. Brown and his parents testified that he was home, suffering from a sore throat during the relevant time.
Viewing the evidence in the light most favorable to the prosecution, we hold that a rational trier of fact could have concluded that all the essential elements of the crime of forcible rape were proven in this case beyond a reasonable doubt. The minor inconsistencies in plaintiff's description of her attackers and the car used in the abduction do not diminish her positive identification of the defendants as the men who raped her.
These assignments lack merit.

EXCESSIVE SENTENCE
In a third assignment of error, defendant Brown argues that the trial court erred in imposing an unconstitutionally excessive sentence of thirty-five years. In this regard, Brown argues that even though both he and his co-defendant were in their early twenties, Simmons received only a fifteen year sentence. Brown further asserts that he has no previous felony record and the victim was released "relatively unharmed". According to Brown, his thirty-five year sentence is close to the forty year statutory maximum without adequate reason to justify its severity.
A punishment is unconstitutionally excessive if it (1) does not measurably contribute to acceptable goals of punishment and, hence, merely purposelessly and needlessly imposes pain and suffering; or (2) is grossly out of proportion to the severity of the crime. State v. Lathers, 444 So.2d 96 (La.1983); State v. Telsee, 425 So.2d 1251 (La.1983). The Supreme Court has noted that many of the forcible rape cases with correspondingly severe sentences have involved the use of a knife or gun or other weapon, a permanent, serious injury, a victim of particularly tender age, the use of violence beyond that needed to commit the rape, a kidnapping and armed robbery of the victim, an intrusion into the victim's home, or the carrying out of a series of rapesfactors that may be considered to aggravate the offense and lead to increased punishment. State v. Telsee, supra.
In imposing the thirty-five year prison term in the instant case, the trial judge noted that although this was his first felony conviction, Brown was an adult who had been convicted of criminal trespass (reduced from a simple burglary charge) and had been arrested previously for simple burglary, armed robbery, and aggravated burglary, and illegally carrying a weapon, even though the charges had been refused. The judge further noted that Brown was the "prime instigator" of this offense and had raped the victim several times. The judge also stated that Brown had committed a kidnapping by force together with the rape and had inflicted injuries upon the victim. The judge felt that any lesser sentence would take away from the serious nature of the offense in that the victim could have easily been killed.
A disparity of sentences between co-defendants does not render the greater sentence disproportionate if the nature of the defendant's participation differs significantly from those of his confederate. State v. Telsee, supra; State v. Ledet, 337 So.2d 1126 (La.1976). Considering the factors outlined by the trial judge, we conclude that the thirty-five year sentence imposed on Brown is not excessive. Even though Simmons, the co-defendant, was sentenced to a fifteen year term, Brown's greater sentence is not disproportionate since he initiated the harassment of the victim at the bar, followed her outside, raped her for the first time for over forty-five *122 minutes, and beat the victim on the street after she was raped. The trial judge substantially complied with the sentencing guidelines of LSA-C.Cr.P. 894.1, and, in view of the circumstances, we do not find the sentence excessive.
Accordingly, the convictions and sentences are affirmed.[1]
AFFIRMED.
NOTES
[1] We have noted an error patent on the face of the record in that the trial judge failed to specify that at least two years of Brown's sentence shall be without benefit of probation, parole, or suspension of sentence as required by LSA-R.S. 14:42.1(B). Nonetheless, because this is an error favorable to the defendant, we cannot correct it to defendant's detriment where the State has not raised the issue. See State v. Fraser, 484 So.2d 122 (La.1986).